# MORRIS DAVID *et al.*

*v.*

## TIMOTHY M. BRADLEY, for use, etc.

1. BILL OF EXCEPTIONS—*by whom to be signed.* A bill of exceptions, signed by one judge, which contains proceedings that took place wholly before another judge, without consent, and against objections made at the time, is irregular and unauthorized, and this court can not notice it.

2. MEASURE OF DAMAGES—*in action on replevin bond.* In an action on a replevin bond, on behalf of a special owner, against the general owner, the measure of damages is, not the whole value of the property, but only the value of the interest of the special owner in the property.

3. Where a tenant replevies property which has been taken by his landlord, as a distress for rent due, and fails to prosecute his replevin suit, and return of the property is awarded, the measure of damages, in a suit on the replevin bond, is, not the value of the property, but the amount of rent due.

4. EVIDENCE—*what competent, on behalf of a defendant who has been defaulted.* In a suit on a replevin bond given by a tenant who replevied property distrained for rent by his landlord, the defendant was defaulted, and, on the assessment of damages, the plaintiff testified that there were two months' rent due, at $250 per month. The tenant offered to testify that, after the making of the lease, the landlord failed to give him possession of the entire building, and the rent was reduced to $208.33 per month: *Held,* that this was not matter respecting the merits of the replevin suit, but only the question of damages sustained by the non-return of the property distrained and replevied, and the evidence should have been admitted.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. ALLAN C. STORY, for the appellants.

Messrs. GRANT & SWIFT, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of debt, upon a replevin bond, to recover damages for a failure to make return of the property replevied, in accordance with the condition of the bond and order of court.

Defendants below were defaulted. They subsequently entered a motion to set aside the default, filing affidavits in support of the motion. The court denied the motion.

This is assigned for error; but we can not review this ruling of the court, as the affidavits upon which the motion was based are not brought into the record by any proper bill of exceptions. All the proceedings in respect thereto, as shown by the record, took place before the Hon. Lambert Tree, judge.

The bill of exceptions incorporating the proceedings is signed by the Hon. John G. Rogers, one of the judges of the circuit court of Cook county.

Such a bill of exceptions, signed by one judge, which contains proceedings that took place wholly before another judge, without consent, and against objection made at the time, as appears here, is irregular and unauthorized, and we can not notice the same. The bill of exceptions must be signed by the judge who tries the cause, or before whom the proceeding takes place.

Afterward, an assessment of the plaintiff's damages was had before a jury.

In the original replevin suit, the property in question had been replevied by a tenant from his landlord, who had taken it as a distress for rent due from the tenant. The tenant failed to prosecute his replevin suit, and a return of the property replevied was awarded. On the trial for the assessment of damages, the landlord testified there were two months'

rent due, at $250 per month. The tenant offered to testify that, after the making of the lease, the landlord failed to give him possession of the entire building leased, and the rent was reduced to $208.33 per month. This testimony the court rejected. The court, too, on behalf of the plaintiff, instructed the jury that the measure of damages was the value of the property taken under the distress warrant. The rejection of this testimony and the giving of this instruction are assigned as error. There was error in each respect. The suit being on behalf of the special owner, against the general owner, the measure of damages would be, not the whole value of the property, but only the value of the interest of the special owner in the property, which, in this case, would be the amount of rent due from the tenant to the landlord.

The rejected testimony would have been evidence tending to show the amount of the rent, and that it was less than testified to by the landlord. The damages assessed were $500.

It is supposed by appellee's counsel that this was matter going to the merits of the replevin suit, and that it should have been set up in defense by plea in this suit on the replevin bond; but it was not matter respecting the merits of the replevin suit, but only the question of the damages sustained by the non-return of the property distrained and replevied.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*