### Lucius B. Mantonya v. Martin Emerich Outfitting Co.

1. CHATTEL MORTGAGES—*For Purchase Money.*—The section of the statute providing that no chattel mortgage executed by a married man or woman, on household goods, shall be valid unless joined in by the husband or wife, has no application to a mortgage to secure the purchase money of the goods upon which it is given.

Mantonya v. Martin Emerich Outfitting Co.

2. MEASURE OF DAMAGES—*In Suit by Mortgagee for Wrongful Conversion.*—The measure of damages in an action of trover, brought by a mortgagee, is the amount of the mortgage lien not exceeding the value of the property.

3. EVIDENCE—*Mortgages Admissible to Show Amount Due.*—A chattel mortgage may be considered as evidence of the amount Due from the mortgagor to the mortgagee.

**Trover**, for the wrongful taking of property under a distress warrant. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed March 8, 1897.

RICH & STONE and LEON L. LOEHR, attorneys for appellant.

MYER S. EMERICH, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In this case is presented the question whether a married woman, her husband not joining, can make a valid chattel mortgage of household furniture to secure the vendor of the same for the purchase price.

This question has been affirmatively answered in an opinion reported in 58 Ill. App. 268, Paterson v. Higgins.

Appellant having, under a distress warrant, seized the property in question, the measure of damages in an action of trover brought against him by the mortgagee is the amount of the mortgage lien not exceeding the value of the property. Sedgwick on Dams., 8th Ed., Vol. 1, Sec. 82, note e; Sutherland on Dams., 2d Ed., Sec. 139; David v. Bradley, 79 Ill. 316.

The court, therefore, ought not to have given the first instruction asked by the plaintiff, which is as follows:

" If the jury from the evidence, under the instructions of the court, find the defendant guilty, then they may assess the plaintiff's damages at the value of the property at the time the demand was made; if the jury find from the evidence a demand was made with interest thereon, at the rate of five per cent per annum from that time."

It is urged that there was no evidence of the amount of the plaintiff's lien, as it is said that the notes secured by the chattel mortgage were not offered in evidence; yet appellant in the court below moved for a new trial because, as he said, "the court admitted improper evidence, that is to say, a certain chattel mortgage" "and the notes which said mortgage was given to secure."

In an action for trespass for an alleged unlawful entry upon real property by a mortgagee, the mortgage alone, without the production of the notes secured thereby, is admissible in justification of the entry.   Smith v. Johns, 3 Gray (Mass.) 517.

The plaintiff in the present case has recovered only $275. The property taken was shown to be worth $600.

The mortgage recites that it is given to secure an indebtedness of $625.   There is no evidence that more than $150 has been paid thereon, or that any of the secured notes have been assigned.

We see no reason for thinking that injustice has been done, nor do we find any such error as requires a reversal of the judgment; it is therefore affirmed.