## LUCIUS B. MANTONYA

*v.*

## THE MARTIN ÉMERICH OUTFITTING COMPANY.

*Opinion filed February 14, 1898.*

1. MORTGAGES—*section 2 of Chattel Mortgage act of 1889 construed.* Section 2 of the Chattel Mortgage act of 1889 (Laws of 1889, p. 208,) was enacted to protect the husband or wife from the disposition of household goods by one against the wish of the other, and was not to prevent either from purchasing goods for household purposes and mortgaging the same for purchase money.

2. SAME—*mortgage given on purchasing goods for household use need not be jointly made.* A husband or wife may purchase goods for household purposes and individually execute a valid mortgage thereon to secure the purchase price, as in such case the lien attaches before the property becomes "household goods," within the meaning of the statute.

3. DAMAGES—*measure of damages where mortgaged property is sold under distress warrant.* The measure of damages in an action by a mortgagee against a landlord for wrongfully selling his tenant's mortgaged property for unpaid rent, is the amount of the mortgage lien undischarged, not exceeding the value of the property.

4. INSTRUCTIONS—*erroneous instruction harmless if jury is not influenced thereby.* An erroneous instruction that the measure of damages in an action by a mortgagee against a landlord for selling the mortgaged property is the full value of the property is harmless, where the verdict and judgment are for an amount within the range of evidence as to the value of the property and less than the amount of the undischarged lien.

5. EVIDENCE—*mortgage note is the best, but not the only, evidence of the debt.* A note secured by chattel mortgage is the best, but not the only, evidence of the debt, and where no objection is made to the introduction of the mortgage in evidence, the mortgage, together with the mortgagee's testimony as to credits, will establish the amount of the debt, in the absence of any contradictory proof.

6. APPEALS AND ERRORS—*when alleged error in denying motion to take case from jury will not be considered.* Alleged error in denying defendant's motion to take the case from the jury will not be considered, on appeal, where the motion is not in the form of a written request for a peremptory instruction, or where, after its denial, the defendant introduces his testimony and fails to renew the motion at the close of all the evidence.

*Mantonya* v. *Emerich Outfitting Co.* 69 Ill. App. 62, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. Clifford, Judge, presiding.

Rich & Stone, and Randall W. Burns, for appellant:

Where the mortgagee sues a mortgagor for conversion of the mortgaged property, the measure of damages is the amount of the debt and interest up to the value of the property; and the measure of recovery is the same against one who stands in place of the mortgagor, as his vendee or attaching creditor. 1 Sedgwick on Damages, (8th ed.) sec. 82, and cases cited.

No chattel mortgage executed by a married man or married woman on household goods shall be valid unless joined in by the husband or wife, as the case may be. Starr & Cur. (2d ed.) chap. 95, pars. 26, 27.

When an act is conceived in clear and precise terms, and when the sense is manifest and leads to nothing absurd, there can be no reason to refuse the sense which it naturally presents. To go elsewhere in search of conjectures in order to restrain or extinguish it is to endeavor to elude it. Sutherland on Stat. Const. sec. 238; Potter's Dwarris, (ed. of 1871,) 126, 143, 146; Sedgwick on Const. of Stat. (2d ed.) 230; *Martin* v. *Swift*, 120 Ill. 488; *Ottawa Gas Light Co.* v. *Downey*, 127 id. 201.

Under the Chattel Mortgage act the recording of a chattel mortgage is as essential to its validity, as against third persons, as any other element entering into the making of a valid chattel mortgage. It is a valid lien only from the time of its being filed for record, even as against purchasers and creditors with actual notice. *Frank* v. *Miner*, 50 Ill. 444; *Lemen* v. *Robinson*, 59 id. 117.

The time when the chattel mortgage lien shall become valid, as against third persons, is fixed by the statute at the time of its being filed for record, and courts have

no power to say that it shall be good or valid until the statutory requirements have been complied with. *Blatch-ford* v. *Boyden*, 122 Ill. 657.

MYER S. EMRICH, for appellee:

When goods are purchased for the avowed purpose of using them in the family as household goods, the vendee, whether a married man or married woman, may, before the goods have become family household goods by actual use, make a valid chattel mortgage upon them to secure the payment of the purchase money, without the husband or wife, as the case may be, joining in it, notwithstanding the act relating to chattel mortgages. Such a transaction is not making a mortgage upon household goods, within the purview of that act.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee recovered a judgment against appellant, in an action of trover, in the circuit court of Cook county, for $275. On appeal the Appellate Court affirmed that judgment, but granted a certificate of importance, upon which this appeal is prosecuted.

Appellant was the owner of an apartment house in the city of Chicago, which he had leased to a man and his wife at a certain rental per month. The tenants having abandoned the premises but leaving certain household goods therein, and being in arrears for rent, the appellant seized the goods under a distress warrant. The furniture had been purchased by the wife (who, with her husband, was a tenant in the property,) from appellee, a furniture dealer, for $625, on the 27th day of February, 1894, in payment for which she gave her promissory note of that date, secured by chattel mortgage on the furniture. Appellee attempted to seize the property under that mortgage. Several conferences were had between the parties after the tenants abandoned the premises, which finally resulted in appellant refusing to allow

appellee to take the goods, and he proceeded, under his distress warrant, to sell them. At the sale under the distress proceeding the property was bid off for $67.60.

The defendant insisted, upon the trial, that the mortgage under which the plaintiff claimed was illegal and void under section 2 of the act regulating foreclosure of chattel mortgages, (Starr & Curtis' Stat.—2d ed.— p. 2773,) on the ground that it was upon household goods and not joined in by the husband of the mortgagor. The court ruled against him on this contention, both in admitting the mortgage in evidence and refusing instructions asked to that effect. That ruling is assigned for error. It is true that the articles described in the mortgage are such as may be devoted to household purposes and become household goods, but that fact alone does not bring them within the provisions of the statute. That a husband or wife may purchase such articles and give a valid chattel mortgage upon them in his or her own name to secure the purchase price, notwithstanding the statute, is clear. In such case the mortgage lien is created before the property has become household goods, within the meaning of the statute. The object of the statute is to protect a husband or wife in the use and enjoyment of the family household goods against a profligate disposition thereof. It was not intended to operate as a means of hindering or preventing husbands or wives from purchasing goods for household purposes. The objection to the mortgage was properly overruled.

At the instance of the plaintiff the court instructed the jury as follows:

"If the jury, from the evidence, find, under the instructions of the court, the defendant guilty, then they may assess the plaintiff's damages at the value of the property at the time the demand was made, (if the jury find, from the evidence, a demand was made,) with interest thereon at the rate of five per cent per annum from that time."

That the giving of this instruction was error cannot be doubted. Under it the plaintiff might recover from defendant the full value of the property, although its claim against it amounted to no more than a mere nominal sum. The measure of its damages, if entitled to recover, was the amount of its mortgage lien remaining undischarged, not exceeding the value of the property. 1 Sedgwick on Damages, (8th ed.) sec. 82, note *e;* Sutherland on Damages, (2d ed.) sec. 139; *David* v. *Bradley,* 79 Ill. 316.

It is said, however, that the error in giving the instruction was harmless, because the amount of the verdict was less than the mortgage indebtedness. The only proof offered as to the amount due on the mortgage was the mortgage itself and the admission of plaintiff that $150 had been paid thereon. The language of the mortgage as to the indebtedness is: "*Provided, always,* that if the said first party shall pay to said second party the sum of $625, secured to be paid by the promissory note of the same date of said first party, payable to the second party in monthly installments of $25 first six months, $35 after first six months, each, respectively, on the first day of each succeeding month, until the sum of $625 is fully paid, with six per cent interest per annum thereon, then these presents shall be void, otherwise to remain in force." The note here described was not offered in evidence nor was there any proof as to whether it was still held by the mortgagee. The amount of the verdict returned by the jury was $308, and, for some reason not appearing in the record, the plaintiff remitted $33 of that amount and took judgment for $275, which, on the proof made, was much less than the amount remaining unpaid on the mortgage. The evidence as to the value of the property was irreconcilably conflicting, that on behalf of appellee being to the effect that it was worth from $575 to $650, while that offered by appellant was to the effect that it was worth only from $50 to $80. In this condition of the evidence it

is impossible to determine definitely upon what basis the jury fixed the amount of its verdict, and also upon what ground the plaintiff entered a *remittitur*, taking judgment for less than the verdict. But it seems most probable that in the conflicting state of the evidence the amount was arrived at from a valuation of the property, and if it can be said that the evidence sufficiently establishes the amount of the indebtedness to be $625, less the $150 paid, (leaving a balance of $475,) then, clearly, the instruction did no harm, the amount of the verdict and judgment not exceeding the value of the property, and being less than the amount of the mortgage indebtedness.

It is insisted, however, that in the absence of the note there was no proof of a mortgage indebtedness. We do not regard this position as tenable. It is doubtless true that the note was the best evidence of the indebtedness, but we do not think it can be said that it was the only proper evidence of that fact. Possession of the mortgage by the mortgagee was *prima facie* evidence that it still owned it. No objection was made to the introduction of the mortgage in evidence upon the ground that it was not accompanied by the note. No testimony whatever was offered by the defendant to the effect that the mortgage indebtedness had been transferred or in any way discharged. Under this state of the evidence we are inclined to hold that the uncontradicted evidence was, that there remained due and unpaid upon the mortgage, to the mortgagee, the sum of $475, and that no injury resulted to defendant by the giving of said instruction.

The defendant entered a motion to take the case from the jury at the close of plaintiff's evidence, one of the grounds being the failure of the plaintiff to introduce the note in evidence. That motion can avail nothing in the consideration of the case here, both because it was not presented in the form of a written request to instruct the jury to find for the defendant, and because, after it was overruled, the defendant proceeded to offer in evi-

172—7

dence certain testimony in his own behalf and did not renew the motion at the close of all the evidence. We do not, however, see that it could have affected the result here if it had been properly made.

Under all the facts and circumstances proved in the case we think the judgment of the Appellate Court should be affirmed.                              *Judgment affirmed.*