116    APPELLATE COURTS OF ILLINOIS.

VOL. 84.] St. Louis Merchants' Bridge Terminal Ry. Co. v. Pepper.

## St. Louis Merchants' Bridge Terminal Ry. Co. v. Gabriel Pepper.

1. PLEADINGS—*In Actions for Damages Occasioned by the Flooding of Land and Consequent Injury to Crops.*—A declaration in an action on the case for damages occasioned by the flooding of land and consequent injury to crops which does not aver that condition of dominant and servient estates necessary to a recovery on the theory that the water was surface water, is not sufficient to try the case on the theory that the water in question was surface water.

2. SAME—*In Actions for Obstructing Watercourses.*—In an action for obstructing a natural watercourse, the omission from the declaration of an allegation that the stream in question was a natural watercourse is fatal.

3. DAMAGES—*Flooding of Land and Consequent Injury to Crops.*—Damages for the injury or destruction of growing crops are the value of such crops at the time they are injured or destroyed.

Action in Case,—Damages by water. Trial in the Circuit Court of Madison County; the Hon. WILLIAM HARTZELL, Judge, presiding. Ver-

dict and judgment for plaintiff; appeal by defendant. Heard in this court at the February term, 1899. Reversed and remanded. Opinion filed September 5, 1899.

W. A. HOWETT and ALEX. W. HOPE, attorneys for appellant.

The measure of damages in this case was the value of plaintiff's crop at the time it was destroyed, on the 18th of April, 1897. Sutherland on Damages, Vol. 1, p. 194; Ohio & M. R. R. Co. v. Nuetzel, 43 Ill. App. 108.

R. J. BROWN and W. P. BRADSHAW, attorneys for appellee.

A person is liable for diverting surface water from its natural course onto the land of another, resulting in an injury to that of another. St. L. R. R. Co. v. Hurst, 25 Ill. App. 98; C. & A. R. R. Co. v. Riley, 25 Ill. App. 569.

The owner of the servient heritage has no right to throw back the natural flow of water upon the owner of a dominant estate. Groff v. Ankenbrandt, 124 Ill. 53; 19 Ill. App. 148.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case by appellee against appellant, in the Circuit Court of Madison County, to recover damages sustained by appellee, occasioned by the flooding of his land and consequent injury to his crops.

Trial by jury. Verdict and judgment in favor of appellee against appellant.

The amended declaration on which this case was tried is as follows:

"For that, whereas, the plaintiff was, on the first day of June, A. D. 1897, and a long time prior thereto had been, in possession of, using and occupying the following described real estate, to-wit: A tract of land consisting of 250 acres off the south end of Lohr tract on Carr Island, in Section 26; same tract bounded on south by Brynes tract; same on east by Carr Slough, on the west by the Mississippi River, and on the north by the north line of Section 26, Township 3, Range 10, west of the third Principal Meridian, in the County of Madison and State of Illi-

118        APPELLATE COURTS OF ILLINOIS.

VOL. 84.] St. Louis Merchants' Bridge Terminal Ry. Co. v. Pepper.

nois, which said tract of land was, and prior thereto had been, used for agricultural purposes by plaintiff, and along the east of the above described tract was what is known as "Carr Slough," a slough often filled with water, and if left unobstructed, would carry the water passing through said slough without material damage to the occupants of land on Carr Island.

" And the plaintiff avers that the defendant, well knowing the premises prior to the time above named, constructed or caused to be constructed, a dam or dyke across Carr Slough, a short distance south of the land then occupied and tilled by the plaintiff, against the protest of plaintiff, whereby, and by means of which construction of said dam or dyke, the water, which would naturally pass through Carr Slough and thence into the Mississippi River, was caused to be obstructed, and for that reason did overflow the lands then occupied by the plaintiff as above described, and did destroy his crops, consisting of wheat, corn and potatoes; and the plaintiff further avers that by reason of the construction of said dyke or dam, the plaintiff was confined on the above described tract of land for more than three months, and was unable to leave the tract of land where he then lived to attend to his ordinary business outside of tilling the above described tract of land. Whereby the plaintiff has been damaged $1,900."

Carr Slough extends substantially north and south, but it is not open to the river at the south end. The Merchants' Bridge extends east and west across Carr Slough and westward across the Mississippi River. The dyke complained of is an embankment made by the Merchants' Bridge and Terminal Company by filling in with earth under the trestlework supporting the bridge or approach where it crosses the slough. The land lying between the slough and the river is called Carr Island. Appellee's land is on Carr Island, about fourteen hundred feet north of the Merchants' Bridge and immediately west of the slough. The general lay of the land on that part of the island, except some ridges and swales, is almost level, but it inclines or falls slightly to the west and south, toward the river.

Appellee and those occupying the land on the island as far south of him as to the bridge, had constructed and for many years maintained a levee or embankment along the

west bank of the slough, between the slough and their land, to prevent the water, when the slough arose above its banks, from flowing over their land on its way to the river. After the Bridge Company had constructed its embankment, appellee and his neighbors joined their levee onto it. The slough sometimes arose above its banks on account of high water in the river north of the bridge, and sometimes on account of backwater from a point a long distance south of the bridge. About the 18th day of April, 1897, the water in the river was very high, and arose in Carr Slough so that it broke over appellee's levee and flooded and damaged his crops. Appellee claims that this was caused by appellant's embankment at the bridge.

No attempt was made on the trial to prove that Carr Slough was a natural water-way. Counsel for appellee in their brief admit that it was not proven, and state that the amended declaration contains no such averment, and claim that they " proceeded on the theory that the water in Carr Slough was surface water and its natural flow was impeded by the embankment constructed by appellant."

A careful examination of the record discloses that the case was not tried on the theory that the water was surface water, but was tried on the theory that the slough was a natural water-way and that appellant had dammed it up and thereby thrown the water back upon appellee, an abutting proprietor. In such case, without proof that the slough was a natural water-way the judgment can not be sustained.

Both the declaration and the evidence fall short of averring and establishing that condition of dominant and servient estate necessary to a recovery on the theory that the water was surface water.

Appellant urges as further grounds for reversal that the evidence does not show appellee's interest in the land or that he occupied the Lohr tract, and that it does not show that it was the land alleged. Appellee testified that he was in possession of it, that it was the land " described in the declaration," and that he rented it from Annie Lohr, wife of Captain John Lohr. We think that is sufficient.

Appellant also urges that the court erred in admitting the notice in evidence. We are of opinion that this error is not well assigned, nor do we see any valid objection to the admission of the photograph complained of by appellant.

If any damages for the improper destruction of appellee's growing crops are recoverable in this case, the value of such growing crops at the time they were injured or destroyed, is the true measure of damages.

The court gave the jury on behalf of appellee the following instruction:

" The court instructs the jury that no one has a right to dam up water so as to prevent its natural flow to the injury of another without making him just compensation, and if the jury believe from the evidence in this case that the defendant railway company, by its officers, servants, agents or employes, built a dam or dyke across Carr Slough and thereby dammed up the water in said slough so as to prevent its natural flow, and by reason thereof the plaintiff's crops, or any portion thereof, were flooded or destroyed, then the jury should find the issue for the plaintiff, and assess his damages at such a sum as they may think just and proper under all the evidence in this case."

Instead of giving to the jury for their guidance the law as to measure of damages, the court in this instruction, in effect, authorizes them to assess plaintiff's damage according to any notion of justice that might prevail in their minds— makes them judges of the law.

Under the law and evidence in this case the damages assessed by the jury appear to us to be excessive, and the giving of this instruction was prejudicial error. The instruction also assumes that the water naturally flowed in Carr Slough.

To our minds the trial court did not err in refusing to sustain appellant's motion to direct the jury to find for appellant, and as this will be remanded and may be tried again, we purposely refrain from discussing the weight of the evidence.

The judgment of the Circuit Court is reversed and the cause remanded.