### City of Pana v. Arnold Broadman.

1. INSTRUCTIONS—*when error in, cannot be complained of.* Errors in instructions cannot be complained of where the complaining party has asked and had given instructions containing like errors.

2. MEASURE OF DAMAGES—*when error in instruction upon, immaterial.* An error in an instruction upon the measure of damages is im-

material where no complaint is or could be made that the verdict was excessive.

Action on the case for personal injuries. Appeal from the Circuit Court of Christian County; the Hon. William M. Farmer, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 18, 1904.

J. H. Morgan and McQuigg & Dowell, for appellant.

Bryan H. Tivnen, for appellee; Provine & Provine, of counsel.

Mr. Justice Gest delivered the opinion of the court.

This suit is by appellee (plaintiff) to recover damages for injuries received by him and alleged to have been caused by the negligence of appellant.

Plaintiff received his injuries on the night of July 19, 1902, while walking westward on Third street in Pana. Long previous to this time the city had by ordinance authorized the Pana Electric Light Company to construct and operate its plant in the city, and on the night in question the plant was in operation. Third street runs east and west, Chestnut street runs north and south. At the northwest corner of the intersection of these streets was a pole, with cross-arm attached twenty or more feet from the ground, to which cross-arm an electric light wire was attached, and from this cross-arm the wire runs south above and across the sidewalk on the south side of Third street. A telephone wire extended from a pole on the northeast corner of the street intersection diagonally across to an office on the lot at the southwest corner of the intersection. This wire ran underneath the electric wire. A street lamp connected with the electric wire hung over Third street. During the earlier part of the evening the cross-bar had become broken and thereby the lamp and wire had fallen towards the street, the wire resting over and upon the telephone wire and hanging but a few feet above the sidewalk on the south side of Third street. While plaintiff was walking westward along the south side of Third street, the fallen wire struck him in the face; he threw up his hands, they grasped the wire and he could not let go. His

City of Pana v. Broadman.

hands were both badly burned; two fingers of his right hand had to be amputated, the thumb and first and second fingers of his left hand were also much burned, and both hands were rendered very sensitive and were greatly impaired for use, especially the right. The cross-bar had been put up several years before, just how many years we are not able to determine. It was made of hard pine, was about three feet long and three by four inches thick. In the cross-bar, holes had been bored, one and one-half inches in diameter, into which wooden pins had been inserted to hold the glass insulators to which the wires were attached. From the west end of the cross-arm a piece had broken off and thereby the wire was released and fell. By the testimony of some of the witnesses it appears that the insulation on the fallen wire was largely gone, and had been gone days and weeks before the injury, and by the testimony of other witnesses, the insulation was perfect. There is no contradiction of the proof that the plaintiff got hold of the wire and was badly burned thereby. The testimony of some of the witnesses is that the cross-arm was rotten; of others, that it was sound. Neither the broken-off piece nor the remaining piece was produced in evidence.

The declaration charged negligence in permitting the wire to be used in an uninsulated condition suspended from a cross-arm in a decayed and rotten condition, and that such condition was known to defendant or ought to have been known by it.

The jury returned a verdict for the plaintiff in the sum of $3,000, and the court after overruling a motion for a new trial, entered judgment on the verdict.

Eleven errors have been assigned, but as counsel for appellant in their argument notice but a few of them, we will limit our consideration to those which they have deemed of sufficient importance to present in their argument.

By far the greatest part of appellant's argument is devoted to the proposition that the verdict is against the evidence. Counsel for appellant filed their abstract of the record. Counsel for appellee have filed an additional abstract of the evidence, and we think they were fully justi-

fied in so doing. Appellant's is neither full nor fair. With
the use of both we have endeavored to ascertain the evi-
dence. We shall not undertake to review it at length.
The cross-arm had been in use for some years; large holes
had been bored in it for the insulating pegs, one near the
end, from which a piece was broken off, the breaking off of
which caused the wire to fall. The cross-arm was weak-
ened by the hole bored in it; had been long exposed to the
destroying agents of nature, and there was abundant proof
that it in fact had become rotten. A number of witnesses
state that the insulation on the fallen wire had been hang-
ing down in long strings for days, and some state for
weeks, before the plaintiff's injury; that boys on delivery
wagons and teamsters passing along snapped the dangling
strings of insulation off with their whips. The evidence
justifies the jury in finding that the cross-arm was rotten,
and that the insulation was largely gone, and long had
been gone from the wire. In our judgment the length of
time the wire had remained in that condition was sufficient
notice to defendant of its condition, and it is also our judg-
ment that notice of such condition was notice to defendant
that the place was dangerous to persons passing along upon
the street below; notice that injury was likely to happen to
travellers upon the highway from the falling of the charged
wire; notice that the poles, cross-arms and attachments
should be examined and inspected to ascertain their suffi-
ciency; notice of the entire existing situation at the locality
where plaintiff was hurt.

There is evidence upon which a finding of negligence
could be sustained if the electric light company were the
defendant; and assuming that the defendant, the city, had
notice of the existing situation, as we have above seen that
it had, the evidence justifies the finding that the city was
guilty of negligence. It is claimed that plaintiff was guilty
of negligence. We think the jury was warranted in find-
ing that plaintiff was in the exercise of due care.

The only other errors called to our attention are the
giving of plaintiff's fifth and sixth instructions, and the re-
fusing of defendant's first and fourth. The substance of

plaintiff's fifth instruction is that if the jury find the condition of the cross-arm and wire to have been defective and unsafe as charged in the declaration, and that such unsafe condition had existed for such length of time that the city authorities with the exercise of reasonable diligence might have discovered and repaired or removed the same, and did not, and that plaintiff was injured thereby, and was in the exercise of reasonable care to avoid injury, then the jury should find for the plaintiff. We discover no error in the instruction. Moreover, the court gave, at the request of the defendant, instructions embodying the same elements as necessary to be proven before plaintiff would be entitled to recover. Plaintiff's sixth instruction is an exact copy of the second instruction given for plaintiff in the case of Illinois Central Railroad Co. v. Cole, 165 Ill. 334, and which was by the Supreme Court approved. Moreover, it affects the measure of damages only, and no complaint is or can be successfully made, that they are excessive. Defendant's first and fourth refused instructions were properly refused. Discussion of them is unnecessary.

The duty resting upon municipalities such as this defendant, to use reasonable care to keep its streets in reasonably safe condition for the use of the public, has been discussed and stated so many times by the Supreme Court and this court, that we deem its consideration here a useless consumption of time and space. We find no error in the record and this judgment will be affirmed.

*Affirmed.*