### Leander Young v. Benjamin H. West.

1. MEASURE OF DAMAGES—*in an action for injury to growing crops.* When crops planted are destroyed before coming up, the measure of damages is the rental value of the land, the cost of the seed and the value of the labor expended.

Action for damages to crops. Appeal from the County Court of McLean county; the Hon. R. A. RUSSELL, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

HART & FLEMING, for appellant.

STONE & OGLEVEE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages to crops, resulting from the alleged improper and negligent tiling by appellant of land occupied by appellee as a tenant of Mrs. Schurtz. There was a verdict and judgment in the court below against appellant for $70.

Appellant is the owner of 90 acres of land lying adjacent to and on the east side of a public highway, and Mrs. Schurtz is the owner of 40 acres of land lying adjacent to and on the west side of said highway.

The natural drainage of surface water on appellant's land is westward across the highway on the land of Mrs. Schurtz, thence southerly on the land of Mrs. Schurtz to the southeast corner of her land, thence southeasterly across the same highway onto the land of appellant. The evidence tends to show that in the fall and winter of 1904, appellant attempted to carry the surface water along the natural waterway, by constructing a line of tiling in such natural waterway to a natural and adequate outlet on his own land. Whether this was done with the consent and by the authority of the highway commissioners and Mrs. Schurtz is not material. The evidence further tends to show that the tiling was done in an improper and negligent manner; that at the place where the tile ditch emptied on the land of Mrs. Schurtz the tile was laid two feet below the surface of the ground; that no proper outlet was provided for the surface water, and the land occupied by appellee was thereby rendered unfit for the growth and maturity of crops.

It is insisted on behalf of appellant that he cannot be held liable in this case, because as the owner of the dominant heritage he had the right, by ditch or tile drains, to drain his own land into the natural watercourse, even though the quantity of water thrown upon the servient heritage was thereby increased. We recognize the rule stated by counsel, but it is not applicable to the facts of this case. Appellant had no right to construct the tile drain in such manner as to impede the flow of the surface water and divert it from its natural outlet. The natural outlet of the surface water flowing from the northerly portion of appellant's land, across the highway and the land of Mrs. Schurtz, was on the southerly portion of appellant's land and not on the land of Mrs. Schurtz. The tile drain constructed by appellant did not connect with such natural outlet, but was permitted to empty on the land of Mrs. Schurtz at a point two feet below the surface of the ground, so that it

operated to obstruct the flow of the surface water to its natural outlet, and cause it to flood the land of Mrs. Schurtz.

Evidence of the market value of appellee's crops when the same would have matured and been harvested, was improperly admitted for the purpose of determining the measure of damages, but as the amount awarded to appellee as damages is justified by the competent evidence in the record, the admission of the incompetent evidence should not reverse the judgment.

The measure of damages to growing crops is their value at time of injury or destruction. St. L. M. B. T. Ry. Co. v. Pepper, 84 Ill. App. 116. When crops planted are destroyed before coming up the measure of damages is the rental value of the land, the cost of the seed, and the value of the labor expended. O. & M. Ry. Co. v. Nuetzel, 43 Ill. App. 108.

While some of the instructions given at the request of appellee are subject to criticism, we are satisfied that they did not operate to the prejudice of appellant. The verdict is amply supported by the evidence in the record, and the judgment will be affirmed.

*Affirmed.*