### WELTY *v.* BURKS, ET AL.

Decided December 1, 1924. Rehearing denied January 5, 1925.

Action to foreclose chattel mortgage. Judgment for defendant.

### *Reversed.*

1. APPEAL AND ERROR—*Equity*—*Verdict.* The verdict of a jury in an equity case being merely advisory, assignments of error based on objections to instructions of the court and its rulings on evidence, may be disregarded.

2. *Questions Undetermined.* Objections taken under advisement by the court, whose attention is not again called to them, and which are not determined, will not be considered on review.

3. CHATTEL MORTGAGE—*Husband and Wife—Household Goods.* Under section 5088, C. L. '21, a chattel mortgage given by a husband for purchase money for household goods is valid, even though the wife was living with her husband at the time and did not join in its execution.

4. APPEAL AND ERROR—*Judgment—Damages.* The inclusion of damages in a judgment, which the court stated to the jury had not been established, is not of itself sufficient to require a reversal where the judgment might be reduced by the elimination of the item.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. GEORGE A. CHASE, for plaintiff in error.

Mr. GUY D. DUNCAN, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action in equity by Andrew W. Welty against A. R. Burks, his wife and a warehouse company, for foreclosure of a chattel mortgage on personal property executed by Mr. Burks alone. He made no defense. His wife in her answer alleges full payment of the secured note, and in her counterclaim, the invalidity of the mortgage, and asks for its cancellation. Her right to a cancellation and use of the mortgaged property is based on the claim that she was the wife of the defendant at the time the mortgage was executed, and that they were then living together as husband and wife, and that the property consisted of household goods used by her and her husband as a family. As incident to the primary object of the action the plaintiff demanded possession of the property which Mrs. Burks, the mortgagor's wife, had stored in a warehouse. The record is not clear whether possession was obtained under a writ of replevin or by order of the court on direct application. The fact is the warehouseman surrendered possession to the plaintiff on demand of the sheriff and

the action proceeded to trial as between the plaintiff Welty and Mrs. Burks on the issues of payment and invalidity of the mortgage, raised in the first defense of the answer, and on the issue tendered in her counterclaim of an unlawful seizure by the sheriff of personal property of the defendant Mrs. Burks not included in the mortgage. The jury found for the defendant on all the issues and the judgment appropriate to the findings was entered, which the plaintiff brings here for review.

1.  Some of the assigned errors relate to rulings of the court on the evidence and to its instructions. It is uncertain as to what theory the court and the parties themselves entertained as to the nature of the action. Under the pleadings of both parties the main and principal issue was equitable in its nature. It was not a case for trial by a jury. Possibly this was the court's theory, as it submitted to the jury for its findings, as advisory only, some of the controverted questions of fact, and reserved to itself other issues and the final determination both of ultimate facts and the law. However that may be, the action, being equitable, the verdict of the jury was merely advisory and might be disregarded by the court and the court might have determined, and apparently did decide, the issues of fact, as well as law, for itself. The objections to the instructions of the court and its rulings upon the evidence may, therefore, be disregarded.

2.  Many of the objections raised by both the parties were not passed upon at the time they were made but the court reserved consideration thereof to be determined later during the trial. The record does not show that determination of any of those reserved was made by the court, or that thereafter counsel called the court's attention to them. This failure or neglect relieves us of the necessity of passing upon such objections. It also indicates the court's theory that its duty was finally to determine all issues of fact as well as law for itself.

3.  It is proper, however, for us to consider the instructions for the purpose of ascertaining the court's views

upon the questions of law raised by the pleadings and the evidence. From these instructions it appears that the court considered the only issues of fact were the alleged payment of the mortgage debt, the alleged invalidity of the mortgage, and the unlawful seizure by the sheriff under some process, of property belonging to Mrs. Burks, and not included in the mortgage. The evidence responsive to the plea of payment was so manifestly insufficient that we do not even comment on it. It calls for no decision here.

4. The court instructed the jury, upon the issues of unlawful seizure, that if such separate property of Mrs. Burks was taken, the judgment should be against the plaintiff but for nominal damages only as no actual damage was shown by the evidence. Notwithstanding this instruction the jury returned a verdict for $11.00 damages for the unlawful seizure. The court seems to have approved this verdict, though it was contrary to its instructions, still the money judgment awarded includes this item of $11.00.

5. Another instruction was that if Burks and his wife were residing together at the time the mortgage was executed, this instrument was invalid under section 5088, C. L. 1921, which provides: "No sale or mortgage of household goods used by the family shall be valid unless the transaction is evidenced by an instrument in writing executed by husband and wife jointly, but the provisions of this section shall not apply in case husband and wife are not residing together."

First we say that it is doubtful, even from the testimony of Mrs. Burks herself, if she and her husband were residing together at the time this mortgage was executed, for both of them, whose depositions were read, say that before this mortgage was executed they had ceased, at least temporarily, to reside together as husband and wife, and had signed a separation agreement whereby, upon valuable consideration from one to the other, there was a division of property and an actual separation and living apart.

Since, however, there is testimony, though not satisfactory, by Mrs. Burks that it was not her intention permanently to dissolve the marriage relation, or to live separate and apart from her husband, we may for the purposes of this case assume that Burks and his wife were residing together when he executed this mortgage. The court, however, committed error in assuming that the statute quoted was applicable to the uncontradicted facts. While this error might have been avoided had counsel been more diligent in calling the matter to the attention of the court, the plaintiff raised the point in his motion for a new trial and thereby has saved his right to have our ruling upon it.

Under the Illinois statute on chattel mortgages, of which ours is substantially a copy, the Illinois courts have decided that, where a chattel mortgage upon household goods used by husband and wife while residing together, which is executed by the husband or wife to secure payment or part payment of the purchase price of the goods, a statute such as our section 5088, supra, is inapplicable. In *Paterson v. Higgins,* 58 Ill. App. 268, 279, the court said: "This statute has no application to such a case as the present. The purchase, by sale to the mortgagor, and the giving of a chattel mortgage thereon by her, was one transaction. Only by virtue of the sale and mortgage did the goods become the property of the mortgagor. Plaintiff in error can not claim the benefit of the preceding arrangement by which she obtained the goods, and in the same breath repudiate the mortgage, without the giving of which she would never have had any title to this property."

In *Mantonya v. Emerich Outfitting Co.,* 172 Ill. 92, 49 N. E. 721, where a mortgage was attacked on the ground that it was upon household goods and executed by the wife whose husband did not join therein, the court said that though the articles described in the mortgage are. such as may be devoted to household purposes and become household goods, that fact alone does not bring them within the provisions of the statute, saying: "That a husband or wife may purchase such articles and give a valid chattel mort-

gage upon them in his or her own name to secure the purchase price, notwithstanding the statute, is clear. In such case the mortgage lien is created before the property has become household goods, within the meaning of the statute. The object of the statute is to protect a husband or wife in the use and enjoyment of the family household goods against a profligate disposition thereof. It was not intended to operate as a means of hindering or preventing husbands or wives from purchasing goods for household purposes."

In *Behymer v. Cook,* 5 Colo. 395, the defendant in attachment, alleged that the levy of the writ was upon implements or stock in trade, which the statute exempted from seizure. The court said in the course of its discussion, that if the mortgage was given for the purchase money thereof the articles would not be exempted. By analogy, under section 5088 here relied upon by the defendant, even if the goods included in this mortgage were household goods afterwards used by the family, the mortgage thereon for the purchase money, in whole or in part, would be valid, even though the wife was living with her husband at the time and did not join in its execution. See also *Dunham v. Cramer,* 63 N. J. Eq. 151, 51 Atl. 1011.

The rule of these decisions we think is the correct one. The evidence, as we read this record, shows, first, that the plea of payment was not established by the evidence and the judgment was not based on that defense; second, this mortgage, which was attacked by the wife as invalid, on which the judgment was predicated, was given to secure a note which represents a part of the purchase price of goods bought by her husband, and the mortgage was executed by him at the time of the purchase, or was a mortgage in renewal of one that was given at the time of the purchase of the goods, and before they became household goods. That being true, since the mortgage debt was unpaid, even though Burks and his wife were residing together at the time the mortgage was executed, it was not invalid.

6.   The error of the court in including as a part of its

money judgment, $11.00 for damages, which it stated to the jury had not been established, would not of itself be sufficient to require a reversal, for the total amount of the judgment rendered might be reduced by eliminating this item; but the prejudicial error which compels a reversal of the judgment consists in the fact that the undisputed evidence is that the mortgage, instead of being invalid on the ground that Mrs. Burks did not join in its execution, is a valid mortgage given, as it was, by her husband for a balance due upon property which he himself bought, and on which he gave the mortgage before they became household goods of the family.

The judgment is reversed and the cause remanded.

MR. JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.