# OHIO & MISSISSIPPI RAILWAY COMPANY
## V.
## JAMES M. COX.

*Railroads—Highway Crossing—Approaches—Maintenance of—Personal Injury—Evidence—Instructions—Estoppel.*

In an action against a railroad company to recover damages for personal injuries, alleged to have been received because of the defective condition of an approach to a highway crossing, it is *held:* That the defendant is estopped from denying that the crossing in question was at the intersection of its road with a public highway; that evidence touching the original construction and subsequent condition of the crossing in question and approaches thereto, and concerning repairs made by the defendant after the injury occurred, were properly admitted; and that there was no error in modifying and refusing instructions.

[Opinion filed January 4, 1888.]

APPEAL from the Circuit Court of Wayne County; the Hon. C. C. BOGGS, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

Messrs. FRANK B. HANNA and CREIGHTON & SIBLEY, for appellee.

GREEN, P. J. This suit was brought by appellee to recover damages for personal injuries alleged to have been received by him because of the defective condition of an approach to a road crossing on appellant's railway, which defective condition was alleged to be due to the failure and neglect of appellant to keep such approach in repair.

A trial was had in the court below; the jury found defendant guilty, and assessed plaintiff's damages at $500; the motion by plaintiff for a new trial was overruled, and judgment on the verdict rendered by the court, whereupon plaintiff appealed.

It appears from the evidence that Cox was riding in company with a nephew, from the town of Fairfield, and after crossing the railway track of appellant's road to the west side thereof, and within a short distance of the road crossing, the mule he was riding stepped into a hole in the road, fell, and Cox was thrown upon the ground and received the injuries complained of. It further appears that a few feet west of said crossing the line of travel was south or southwesterly within appellant's right of way, and almost parallel with the railway for a considerable distance south of the place where the mule fell. Other material facts that appear in the record will be mentioned hereafter.

To maintain his action, plaintiff was bound to prove, among other facts, that the place where he received the injuries was an *approach* to a road crossing on defendant's road; that such crossing was 'at the intersection of a *highway* with said railway; that the approach was, at the time and place of the injury, in a defective condition, and by reason thereof plaintiff received the injuries complained of, while exercising reasonable care himself.

The duty of appellant with respect to road crossings and approaches thereto, is imposed by the eighth section of the Act of 1874:

"Hereafter, at all of the railroad crossings of highways and streets in this State, the several railroad corporations in this State shall construct and maintain said crossings and the approaches thereto, within their respective rights of way, so that at all times they shall be safe as to persons and property."

But it is insisted on behalf of appellant, that no proof was made on the trial that the road crossing in question was at the intersection of its road with a *public highway*, legally established at that place, and hence appellant was not bound to maintain that crossing or the approaches thereto. This position is not supported by the record, but, on the contrary, the proof is that a public highway from Fairfield to Barnhill, legally established, existed at the time appellant's railway was constructed; and in constructing it, appellant so appropriated and occupied a part of said highway for its railway, as to pre-

vent travel across it at the point so obstructed, and for a time, and until seven or eight years before this suit was brought, the public using the highway passed under the trestlework of the railway, about seventy-five feet below said point, and about seven or eight years before the commencement of this suit, the proper public authorities notified and required appellant to put in a road crossing, in obedience to which command the crossing in question and the approaches thereto were then put in and constructed by appellant. By this act it recognized and adopted the road intersecting its railway at said crossing as a public highway, invited the public to use and treat it as such, and is estopped to now deny that fact. The public authorities had the power, under the ninth section of the act cited, to require appellant to put in said crossing, and the fact the public were obliged to, and did, pass under the trestlework because of said obstruction by appellant's road, and the subsequent establishment of said crossing at the point where the highway would have crossed as originally laid out and used, can not be held as vacating a part of said highway or creating a new highway. People ex rel., etc., v. C. & A. R. R., 67 Ill. 118.

Counsel for appellant next object to and assign for error the admission of evidence to show how said crossing and the approaches thereto were originally constructed by appellant, and the condition thereof at various times before the injury, and concerning repairs made upon the alleged approach on the west side of said railway, after said injury to plaintiff occurred.

We have examined the parts of the record referred to, and find in some instances no exception was taken to the ruling of the court, and we think also the evidence objected to was properly admitted. Appellant denied that the place where plaintiff was injured was upon an approach to said crossing maintained by appellant, and which it was bound to keep in repair, but insisted the injury occurred upon the highway south of said approach.

The acts of appellant in the original construction of said approach and in making repairs thereon thereafter, which the

court permitted plaintiff to prove on the trial, were all relevant and proper as evidence of the extent and location of the approach, constructed, maintained and treated by defendant below as an approach to said crossing and which it was bound to keep in a safe condition. We perceive no better way of proving this material fact denied by appellant, than by evidence of the acts of the servants and agents of appellant in constructing such approach, touching the manner of its construction, the distance it extended south of said crossing on the west side of appellant's track when constructed and finished, and the repairs made and work therein thereafter done by appellant's servants, evidencing the intent of appellant to claim and control the part so repaired and worked upon as an approach to said crossing. In this manner the point where said approach ended and also the fact whether the plaintiff received his injury on said approach, or on the highway, could be definitely proven, and we are satisfied the jury were justified in finding from all the evidence that appellee was injured while exercising reasonable care, upon an approach to a road crossing on appellant's railway, and by reason of the neglect of appellant to keep such approach in a safe condition for persons to travel over, as it was required by law to do.

The refusal of the court below to give an instruction to the jury requested by defendant, and modifying another instruction on behalf of defendant and giving it as so modified to the jury, is assigned for error, but the refused instruction, if given, would not have been a correct statement of the law. It is as follows: "The court instructs the jury that where a railroad crosses a highway on the same level or grade, so as to require nothing to be done to the highway to get over the tracks of the railroad, then the railroad company is bound only to construct the crossing, and it devolves upon the authorities, who are responsible for the condition of the highway, to keep it in proper condition up to such crossing."

Such an instruction, in this case, was calculated to mislead the jury. It ignores the legal duty of a railroad corporation to provide and maintain an *approach* to a crossing, and would direct the attention of the jury entirely to the *crossing* over

the track of the railroad, and devolves the duty of providing an approach thereto upon the authorities having control of the highway. We do not understand this to be the law, and the instruction was properly refused. Nor did the court err in modifying the other instruction for defendant before giving it to the jury. As modified it was a correct statement of the law applicable to the facts proven.

We find no error in this record requiring the reversal of the judgment of the Circuit Court and therefore affirm the same.

*Judgment affirmed.*