ANNIE HAMILTON, ADMINISTRATRIX, v. BORDENTOWN ELECTRIC LIGHT AND MOTOR COMPANY, POSTAL TELEGRAPH AND CABLE COMPANY, DELAWARE AND ATLANTIC TELEGRAPH AND TELEPHONE COMPANY AND PENNSYLVANIA RAILROAD COMPANY.

Submitted March 21, 1902—Decided June 9, 1902.

1. It is the duty of a company maintaining in a public street an insulated electric light wire, carrying a dangerous current, to use reasonable care that an uninsulated telegraph wire does not come in contact therewith and remain so long as to wear off the insulation so that the current is diverted into the telegraph wire and by it carried to a third wire, from which it is conducted to and against and injures a person lawfully using the public street.

2. It is the duty of those maintaining an uninsulated telegraph wire in a public street to use reasonable care that it does not break and come in contact with an insulated electric light wire, carrying a dangerous current, and remain so long as to wear off the insulation and divert the current from the electric light wire through it to another wire to the injury of a person lawfully using the public street.

3. Allegations from which it can be inferred that a suit under the Death act is for the benefit of the next of kin are sufficient without a direct averment to that effect.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Charles E. Roberts.*

For the defendant the Bordentown Electric Light and Motor Company, *Howard Flanders* and *Samuel W. Beldon.*

For the defendant the Delaware and Atlantic Telegraph and Telephone Company, *E. A. & W. T. Day.*

For the defendant the Pennsylvania Railroad Company, *Joseph H. Gaskill.*

The opinion of the court was delivered by

GARRETSON, J. This suit is by an administratrix to recover damages for the benefit of the next of kin of the intestate, who is alleged to have been killed through the negligence of the defendants, under the following circumstances:

The Bordentown Electric Light and Motor Company maintained a line of poles and electric light wires, carrying an intense and dangerous current, in Burlington street, in the city of Bordentown; this line was crossed above it by a telegraph wire maintained by the three other defendants. This last line ran around into Carpenter street, in Bordentown, and was there crossed above it by a wire of the Bordentown Telephone and Telegraph Company, not a defendant to the suit.

The wire of the Postal Telegraph and Telephone Company, Delaware and Atlantic Telegraph and Telephone Company and Pennsylvania Railroad Company broke and came in contact with the wire of the Bordentown Electric Light and Power Company, swinging against it and wearing off the insulation of the wire, and thereby became charged with the dangerous current carried by the wire of the electric light company. The wire of the Bordentown Telephone and Telegraph Company broke and fell into Carpenter street, and the plaintiff's intestate took hold of it to remove it from obstructing the street, when it came in contact with the highly charged telegraph wire of the three companies, which was below it, and thereby became, in its turn, charged with the current which had gone into the wire of the three companies, by reason of the contact with the electric light wire, and so the dangerous current of the electric light wire was transmitted to and killed the plaintiff's intestate.

The allegation of negligence and breach of duty on the part of the defendants was that the wire of the postal, Delaware and Atlantic and Pennsylvania companies had become cut and broken and had been negligently and carelessly permitted by all the defendants to swing, rub and come in contact with the electric light wire for so long a time that the insulation of the electric light wire became worn off by the

rubbing, so that the electric current of great power and intensity from the electric light wire was communicated to and ran along and through the wire of the Bordentown Telephone and Telegraph Company to the plaintiff's intestate, thereby killing him. This seems to be a sufficient allegation of negligence on the part of the defendants.

It is assumed that the defendants were each maintaining wires in the public highways in the exercise of a franchise; hence each was bound to take reasonable care not to injure other users of the street.

It was the duty of the electric light company to use reasonable care that other uninsulated telegraph wires that crossed it should not be allowed to come in contact with its wire, which was insulated and which carried a powerful electric current, and remain for so long a time in contact therewith as to wear away the insulation and divert the powerful current to the telegraph wire, to the probable injury of persons who should come in contact with the telegraph wire, or in contact with other wires which might be brought in touch with the charged telegraph wire.

It was the duty of the three companies maintaining the telegraph wire to use reasonable care to prevent their wire from coming in contact with the highly charged electric light wire and remain in contact therewith in such a way and for so long a time as to wear off the insulation and divert the current to its own wire, to the danger of those who should touch it or touch another wire with which it might come in contact. *Telephone Co.* v. *Bennett, 33 Vroom* 742.

One cause of demurrer assigned is that there is no allegation in the declaration that the decedent left any widow, children or next of kin.

The plaintiff avers in the declaration that "the next of kin of the deceased and the said plaintiff as administratrix as aforesaid, by reason of the premises, were forced to pay, lay out and expend, and necessarily did lay out and expend divers large sums of money," &c., "and that the next of kin of the deceased have, by reason of the premises, sustained and suffered great loss, injury and damage, to wit, the sum of twenty

thousand dollars, whereby and by force of the statute in such case made and provided, an action hath accrued to said plaintiff as administratrix of the goods and chattels, rights and credits of the said deceased, for the exclusive benefit of said next of kin." There is a necessary inference from these allegations that there are next of kin; the action being brought for their exclusive benefit, the plaintiff cannot recover except upon showing that they exist.

In *McGlone* v. *Railroad Company*, 8 *Vroom* 304, it was held not necessary to name the widow and next of kin, but that a general allegation that there is in existence a person or persons injured to whose benefit a recovery will enure is sufficient.

This appears in the allegations set forth.

The demurrer is overruled, with costs.