ZACHARIAH DAVIDSON, Respondent, v. CHICAGO & ALTON RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, February 2, 1903.**

1. **Railroads:** COLLISION AT CROSSING: PLEADING: PETITION: NEGLIGENCE.   Objections to a petition in which plaintiff seeks to recover damages for striking his traction engine at a railroad crossing on the ground that it fails to allege warning to the engineer in time for him to stop the train and avoid the injury, or that he saw or could have seen the machine on the crossing in time to avoid the injury, are held insufficient since the petition avers the warning and also that the injury was caused by the negligence of the engineer and other employees; since a general allegation of negligence is sufficient.

2. ————: NEGLIGENCE: SIGNALS: INSTRUCTION: PRACTICE. An instruction relating to the giving of signals to the engineer is approved and not subject to defendant's objection, since its own instructions submit the case on a like theory.

3. **Damages:** MEASURE OF: REPAIRS: INSTRUCTION. An instruction to the jury that if the engine was rendered valueless as such and could not be repaired, then to give the reasonable value just before the injury less its value just after the injury, or if it could be restored by proper repairs, then the reasonable cash value of making repairs, is approved.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*F. Houston* for appellant.

(1) The petition did not state a cause of action, and defendant's objection to the introduction of any evidence should have been sustained. (2) The court erred in giving plaintiff's first instruction. (3) The court erred in giving plaintiff's second instruction. (4) The court erred in giving plaintiff's third instruction. (5) The plaintiff was guilty of gross contributory negligence which barred recovery. Madison v. Railroad, 60 Mo. App. 599; Harlan v. Railroad, 64 Mo. 480; Yancey v. Railroad, 93 Mo. 436; Hanlon v. Railroad, 104 Mo. 381. (6) Even if respondent was entitled to recover, the damages awarded are excessive.

*N. M. Houx* and *Wm. H. Chiles* for respondent.

(1) A general allegation of the negligent operation of the train would have been sufficient, but the pleader went farther. Hilz v. Railroad, 101 Mo. 36; Hanlon v. Railroad, 104 Mo. 391; Hill v. Railroad, 49 Mo. App. 520, and cases cited; Hurley v. Railroad, 57 Mo. App. 675. (2) The point as to whether the employees operating the locomotive and the train were warned, or saw or could have seen the signals so given, in time to avoid the collision, was clearly set forth to the jury in the first instruction given on behalf of the respondent. Clem v. Railroad, 72 Mo. App. 433. (3) The question of contributory negligence was fairly submitted to the jury on the instructions of the appellant, and this court will not disturb that finding. (4) The damages allowed by the jury being for a round sum were evidently on the theory that the engine was virtually destroyed, and the verdict is sustained by the evidence. The question of amount of damages to be allowed is one for the jury under the supervision of the circuit court, and the appellate court will not interfere. Railroad v. Railroad, 138 Mo. 599.

SMITH, P. J.—This case, briefly stated, is that the plaintiff was the owner of a threshing machine engine which, while on a certain farm crossing over defendant's railway track, was negligently struck and demolished by one of its passing trains. The plaintiff had judgment and defendant appealed.

The defendant objects that the petition does not state a cause of action, in that it does not allege that the engineer, in charge of the locomotive pulling the train which collided with the plaintiff's threshing machine engine, was warned in sufficient time or at a sufficient distance to stop the train and avoid the injury, or that he saw, or by the exercise of reasonable care could have seen, the threshing machine in time to stop the train and avoid the injury. This objection is not well taken for two reasons, the first of which is that the petition embraces in its allegations the very matters which the defendant, strangely enough, claims are omitted therefrom; and the second is that even if the allegations were omitted, as claimed by defendant, in respect to the allegation of negligence it would still be sufficient since it is therein clearly and distinctly alleged that the collision which occasioned the injury was caused by the negligence of the engineer and other employees of defendant while engaged in managing and conducting the locomotive and train of cars drawn thereby. The general allegation of negligence, under the decisions of the appellate courts of this State, is all that is required in a case of this kind. Hilz v. Railroad, 101 Mo. 36; Hanlon v. Railroad, 104 Mo. 1. c. 391; Hill v. Railroad, 49 Mo. App. 520; Hurley v. Railroad, 57 Mo. App. 675.

Nor was it error to give the plaintiff's first instruction which told the jury that if the signals given by plaintiff to defendant were in sufficient time to have enabled it to stop the train so as to avoid the injury, to find for plaintiff. It was not, as the defendant contends, broader than the allegations of the petition. But

had it been, it still would not have authorized us to disturb the judgment for that reason since the defendant's own instructions submitted the case on a like theory.   If it was error, it was common to both parties. *Communis error facit jus.*

The evidence was ample to warrant the giving of plaintiff's instruction submitting the issue of negligence.   The defense of contributory negligence was fairly submitted by the defendant's seventh instruction.   It is full and explicit in expression as to that defense.

No error is seen in the instruction for plaintiff which told the jury that if it found for plaintiff and that his engine was injured by the collision and thereby rendered valueless as an engine, so that it could not by repair be made as good as it had been before the injury, then to allow plaintiff as damages the reasonable cash value of the engine at the time and just before the injury, less the reasonable cash value after the injury, or, if it found the engine could be restored to as good condition by proper and necessary repair as it was before the injury, then to allow plaintiff the reasonable cash value of making the repair, together with the reasonable cash value of the use of such engine during the time it would necessarily and reasonably take to make such repairs, etc.   Johnson v. Holyoke, 105 Mass. 80; Gillett v. Railway, 8 Allen 560.   There was no departure from the theory of the petition.

No merit is discovered in any of the objections urged by defendant for the reversal of the judgment, which must accordingly be affirmed.   All concur.