### Anthony S. Berry v. Charles W. Campbell.

#### Gen. No. 4,437.

1. MEASURE OF DAMAGES—*in action for injury to personal property.* The correct measure of damages for an injury to personal property, where the same can be repaired, is the cost of making the repairs and the value of the use of such property, while the owner is necessarily deprived thereof while it is undergoing repair.

2. MEASURE OF DAMAGES—*when erroneous instruction as to, will not reverse.* An erroneous instruction upon the measure of damages in an action for injury to personal property will not reverse, where it appears that the evidence warranted the amount of the verdict rendered and the judgment entered.

3. CONTINUANCE—*when denial of motion for, will not be reviewed.* The action of the court in denying a motion for a continuance will not be reviewed when the affidavit upon which such motion was based is not abstracted.

Action commenced before justice of the peace. Appeal from the County Court of LaSalle County; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

JOSEPH J. JOY, for appellant.

BROWNE & WILEY, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

Appellee recovered a judgment against appellant in the County Court for $12 for damages done to his buggy.

Appellee is engaged in the livery business and hired the buggy in question to Mr. Dickinson, who invited appellant and a Mr. Leland to ride with him. The buggy was practically new, and had a fine finish. The three parties sat on the seat, and it is claimed by appellee, and the evidence fairly tends to sustain his theory, that appellant rode with one foot hanging outside of the buggy-bed and kicked or rubbed the polish and paint off the buggy-box, thus marring its appearance and materially injuring it.

The evidence is sufficient to justify the verdict of the jury. The court, at the instance of appellee, gave the following instructions as to the measure of damages :

" The court instructs the jury that the measure of damages in this case is the difference between the fair cash market value of the buggy before it was injured or impaired as shown by a preponderance of the evidence, and the fair cash market value of the buggy after it was so injured or impaired; and if you believe from a preponderance of the evidence in this case that the defendant did injure or impair the buggy of the plaintiff, as complained by him, then it is your duty to find for the plaintiff, and to assess his damages at such an amount as you believe from a preponderance of the evidence, is the difference between the fair cash market value of the buggy before it was so injured or impaired, and the fair cash market value of the buggy after it was so injured or impaired."

The giving of this instruction is assigned as error. The correct measure of damages for an injury to personal property where the same can be repaired, is the cost of making the repair and the value of the use while the owner is necessarily deprived of it while it is undergoing repair. Travis v. Pierson, 43 App. 579; FitzSimons v. Braun, 199 Ill. 390.

There is evidence in this record, however, fairly tending to prove that the reasonable cost of repainting and putting such a finish on the buggy as it had before the injury, would be from $10 to $12. It would be necessary, according to the testimony of several of the witnesses, to do the whole job anew to make it look right, while some other painters said it could be done by simply repainting one side of the

box, which would cost less.  Since the evidence would warrant the jury in fixing the proper damages at $12, the amount of the verdict, the erroneous instruction as to the measure of damages is harmless.  Vanderslice v. Mumma, 1 App. 434; Linck v. Scheffel, 32 App. 17; Mantonya v. Emerich Outfitting Co., 172 Ill. 92.

It is contended that the court erred in denying appellant's motion for a continuance.  The affidavit on which the motion is based is not abstracted; therefore the question is not properly presented.  City of Elgin v. Nofs, 113 App. 618, and cases there cited.

The other points relied on to reverse the judgment have been considered, and none of them are serious enough to require a reversal of the judgment; it is therefore affirmed.

*Affirmed.*