42    APPELLATE COURTS OF ILLINOIS.

Crossen v. Chicago & Joliet Electric Ry. Co., 158 Ill. App. 42.

## Robert W. Crossen, Appellee, v. Chicago & Joliet Electric Railway Company, Appellant.

## Gen. No. 5341.

1. MEASURE OF DAMAGES—*in action for injury to personal property.* Where personal property has been injured by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired; if the property cannot be repaired then the measure would be the difference between the market value of the property before the injury and the value of the wreckage.

2. LICENSES—*effect of failure to take out.* In an action for an injury to an automobile the fact that the owner may not have obtained a state license to run such automobile is immaterial upon the question of the right to recover.

Action in case. Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

E. MEERS, for appellant.

J. W. DOWNEY and J. W. D'ARCY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Robert W. Crossen brought suit against the Chicago & Joliet Electric Railway Company to recover damages sustained by plaintiff to his person and to an automobile in which he was riding on June 14, 1908, by a collision between his automobile and a car of the defendant in the city of Joliet. A trial before a jury was had, a verdict for $1,750 returned upon which judgment was entered, and the defendant appeals.

Three counts of the declaration aver that the damages were caused by the negligence of the appellant in negligently and carelessly driving its street car over its tracks in Cass street at the intersection of Herkimer street; the fourth avers that appellant carelessly and negligently ran its car at a high and dan-

Crossen v. Chicago & Joliet Electric Ry. Co., 158 Ill. App. 42.

gerous rate of speed on Cass street and failed to give
any warning of the approach of the car to the inter-
section of Herkimer street. All the counts aver due
care on the part of appellee.

· The evidence shows that Cass street in the city of
Joliet extends east and west and is sixty-six feet wide;
it is paved between the curbing a width of forty-one
feet, and appellant has a double track street railway
on that street. Herkimer street extends north and
south crossing Cass street; it is also sixty-six feet wide
and is paved a width of thirty-three feet. The north
street car track is the west bound track and the south
track is the east bound track. Just prior to the ac-
cident a car of appellant went west on Cass street
across Herkimer street; another car followed the first
car, with a third close behind it. The appellee in his
auto with three passengers, a Mr. Wheeler and ap-
pellee's two daughters, were going west on the north
side of Cass street by the side or just behind the third
car which was running slowly. The second car stopped
at the west side of Herkimer street to let a passenger
alight. The evidence of appellee tends to show that
appellee stopped with his auto by the side or close
behind the third car just east of the east sidewalk
on Herkimer street across Cass street, and that as
soon as the third car had got far enough across Her-
kimer street to leave any room behind it on that street,
appellee started to turn south on Herkimer street off
Cass street across the appellant's tracks from im-
mediately behind the car near which he had been run-
ning. Appellee testifies he saw no car coming east
on the south track, but as he got on the south track
from behind the car he saw a car coming east distant
some seven or eight feet from him and that it struck
his auto on Herkimer street and pushed it east throw-
ing him on the steering wheel, breaking two of his ribs
and smashing his auto. The evidence of appellant
tends to show that appellee crossed the tracks on Cass
street about thirty feet east of the east line of Her-

kimer street. Appellee and his daughter Mabel testified the auto did not turn until it was on Herkimer street. They were corroborated by two witnesses, Gorey and Moriarity, but who had testified differently at a former trial. Wheeler and the other daughter, now Mrs. Wheeler, did not testify in the case, while seven witnesses testified on behalf of appellant that the collision occurred east of Herkimer street; the evidence was also conflicting as to the speed of the car. As the case must be reversed for another reason we will not express any opinion concerning the right of recovery as there may be other evidence on that question.

In proving the damages to the machine appellee proved them by two different measures, against the objection of appellant. It was shown that appellee, who runs a wagon and automobile repair shop, repaired the auto in his own shop, and after he had repaired it he found it was not right and he tore it in pieces and rebuilt it and that he expended between five and six hundred dollars in repairs and after that expense it was not worth over $500. He also proved that before the injury the machine had only been used two and a half years, was worth from $900 to $1,250 and that after the damage was done to it the wreck was worth from $50 to $150, the variation being in the estimates of different witnesses.

When personal property has been injured by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired. FitzSimons v. Braun, 199 Ill. 390; Travis v. Pierson, 43 Ill. App. 579; Berry v. Campbell, 118 Ill. App. 646. If the property could not be repaired then the measure would be the difference between the market value of the property before the injury and the value of the wreckage. Appellee if he was entitled to recover, was entitled to compensatory damages for the injury, but he had no right to speculate

at the expense of appellant in repairing the machine and after once repairing it tear it in pieces and rebuild it because of his own mistake, or to make repairs at an expense greater than the value of the machine after it was repaired. He did not have the right to introduce evidence concerning both measures of damages without informing the jury in some way, so they would not be misled, that they could only allow damages by one of the measures, and that measure must be the one which was the least burdensome to appellant. The error might also have been avoided by excluding the evidence concerning the measure of damages which should not have been admitted.

The evidence showed that appellee was the owner and manager of a business in which he had from fifteen to twenty employes and that he was walking around in three or four days after the accident, and back in charge of his business within a week. He was asked what loss, if any, he had sustained annually in connection with the management and operation of his business. To this the court sustained an objection. He was then asked "To what extent has your ability to earn money in your trade as a carriage maker been decreased on account of the injuries?" To this an objection was overruled, and appellant contends this ruling was error. The loss of profits in conducting a business involving the labor of others is not a necessary consequence of such injury. Silsby v. Car. Co., 95 Mich. 204; Goodhart v. Penn. Ry. Co., 177 Pa. St. 1. The profits of a business are speculative, uncertain and dependent upon too many contingencies to be a measure of damages in a suit in case. The reduction of his earning capacity, if any, by the injury, was, however, proper and there was no error in the ruling of the court on these questions.

It is also insisted the court should have instructed a verdict for the appellant because appellee did not prove he had a license from the state to run his automobile on the highways. This is a suit in case for

46 APPELLATE COURTS OF ILLINOIS.

Andreicyk v. Chicago & Eastern Illinois R. R. Co., 158 Ill. App. 46.

damages to the person and the machine, and is distinguishable from that class of cases where an action is brought to recover compensation for something done by a licensee by virtue of a license. Whether appellee had a license or not was in no way connected with the cause of action and was immaterial.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice DIBELL took no part in the consideration of this case.