## Ida L. Wilson, Appellee, v. Baltimore & Ohio Southwestern Railroad Company, Appellant.

1. PLEADING—*when declaration in case for negligent maintenance of railroad crossing sufficient after verdict.* In an action on the case for personal injuries predicated upon section 8 of the Railroad and Warehouse Act, a declaration after verdict is sufficient which avers that it was the duty of the defendant railroad

FOURTH DISTRICT—NOVEMBER, 1910.    605

Wilson v. Baltimore & Ohio S. W. R. R. Co., 158 Ill. App. 604.

company to construct and maintain an approach to the crossing in question and that "as in pursuance of such duty" it caused to be placed a walk of ashes, cinders and other materials, beginning at the easternmost edge of its right of way on the south side of the street in question and did not maintain and keep it in repair, etc.

2. PLEADING—*when declaration in case for negligent maintenance of railroad crossing not sufficient after verdict.* In an action on the case for personal injuries predicated upon section 8 of the Railroad and Warehouse Act, a declaration is not sufficient if it fails to aver that a portion of the walk in question was a part of the approach to the crossing or that it was built as such and fails to aver any facts showing it to be the duty of the defendant railroad company to maintain it as a sidewalk.

3. PLEADING—*effect of failing to demur.* All defects of a declaration not objected to before verdict are cured thereby, if the declaration amounts to a defective statement of a cause of action and not to a statement of a defective cause of action.

4. RAILROADS—*what essential to establish that walkway is approach to crossing.* The fact that a railroad company builds a walkway connected with a crossing, together with the manner in which such walkway is built, and the fact that it continued to repair and control the same, tends to establish that such walkway was an approach to the crossing.

5. INSTRUCTIONS—*when refusal to direct verdict upon defective count will not reverse.* The action of the court in refusing to direct a verdict upon a defective count will not reverse if the declaration contains one good count which the evidence tended to establish.

6. INSTRUCTIONS—*when inaccuracies will not reverse.* Inaccuracies and awkward wording of instructions will not reverse in the absence of prejudice resulting.

7. INSTRUCTIONS—*repetitions.* The court by its instructions is not bound to repeat the same proposition of law. A correct instruction may therefore be refused if its contents are substantially contained in another instruction given.

8. VERDICTS—*when excessiveness not saved for review.* The excessiveness of a verdict will not be reviewed on appeal where no error has been assigned that the verdict is excessive.

9. PERSONAL INJURIES—*what evidence will not reverse, as tending to arouse sympathy or prejudice.* Held, that while it was error for the court to permit a plaintiff in an action for personal injuries to testify that she had a husband, a son and a daughter, yet that such evidence not being reflected in the size of the verdict did not constitute ground for reversal.

Action in case for personal injuries. Appeal from the Circuit Court of Wayne county; the Hon. J. R. CREIGHTON, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910.

KRAMER, KRAMER & CAMPBELL, for appellant; ED-
WARD BARTON, of counsel.

BOGGS & BOGGS, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the
court.

Appellee brought this suit to recover damages for
personal injuries received by her, and charged that
they happened by reason of the defective condition of
the approach to the road crossing of appellant's rail-
way with Delaware street in Fairfield, Illinois. It was
alleged that the defective condition was caused by the
neglect of appellant to keep said crossing and approach
in repair; whereby there were ditches washed in the
surface thereof. On a jury trial verdict and judgment
were rendered against the appellant and the city of
Fairfield, the defendants below, in the sum of $625.
The defendant railroad company appealed.

The evidence discloses that the railroad track and
right of way there runs north and south and is two
hundred feet wide and is crossed by Delaware street
at right angles. On the south side of that street, east
of the railroad, a brick sidewalk was built extending
west to the east line of the right of way one hundred
feet from the main track of appellant. On the right
of way and within fifteen or twenty feet of the west
end of the brick walk is a traveled wagon-way running
north and south into Delaware street and turning west
therein to said crossing. About the center of this
wagon-way and some ten or twelve feet west of the
north end of the brick walk, two ditches were suffered
to be washed running north and south across the walk-
way and in the drive-way there and were about twelve
and sixteen inches deep respectively and about the
same in width, both growing deeper and wider as they
extended north, a few feet north of the brick walk line.
The appellee was on her way home from St. Louis

about two o'clock A. M. of October 28, 1908; and was walking westward over this brick walk and across those ditches from the depot of the Southern Railroad Company, when she slipped and fell into one of these ditches and received the injuries of which she complained. The evidence further shows that the line of the walk-way at the place where she was injured, called by the witnesses the cinder walk, was very nearly on a level with the surface there of Delaware street and the drive-way leading to the west on the right of way, and was part of the drive-way, and that it gradually sloped to the railroad with an acclivity of about two feet.

The Statute upon which appellee bases her right of recovery is paragraph 71 and section 8 of the Railroad and Warehouse Act which provides as follows: "At all of the railroad crossings of highways and streets in this State, the several railroad corporations in this State shall construct and maintain said crossings, and the approaches thereto, within their respective rights-of-way, so that at all times they shall be safe as to persons and property." The liability of the city in this case is predicated on its violation of the next section 9 of said Statute, but it has not appealed.

Appellant first insists that neither count of the declaration avers that the place of injury was on either the crossing or the approach thereto, and that therefore the declaration does not state a cause of action. The first count of the declaration avers that it was the duty of appellant to construct and maintain an approach to said crossing on the south side of Delaware street, and that "as in pursuance of such duty," it caused to be placed a walk of ashes, cinders and other materials, beginning at the easternmost edge of its right of way on the south side of said street, and did not maintain and keep it in repair, etc. This averment amounts in substance to an allegation that in pursuance of that duty the railroad built the walk as part and parcel of the approach. The declaration was

not demurred to, and we think all defects not objected to before verdict are cured thereby. The defects in said count are "defective statements of a cause of action, and not statements of a defective cause," and cannot be taken advantage of except by demurrer. Helmuth v. Bell, 150 Ill. 268, citing 1 Chitty on Plead. 711.

The evidence shows clearly from this record that the appellant built the cinder walk or the approach to the crossing and that it has had sole charge of it for as much as ten years, and refused to allow one witness, Mr. David Baker, to make a walk on the right of way unless he built it as appellant desired it built. The appellant does not deny any of this evidence. The plaintiff's evidence tends strongly to show that this cinder walk was built as part of the approach to the crossing and that the approach was thus made to take in the walk-way in order that wagons and other vehicles might approach the crossing from the south by the wagon-way on the right of way, and that it has had charge of it and made all repairs thereon since it was constructed. The whole structure was in its right of way, and the fact that the railroad built it, the manner in which it was built, the continuing to repair and control it, all justified the jury in finding that it was part of the approach; and the court did not err in refusing to take the case from the jury. O. & M. R. R. Co. v. Cox, 26 Ill. App. 491; City of Bloomington v. I. C. R. R. Co., 154 Ill. 539; 2 Thompson on Negligence, sec. 1502; 29 Cyc. 618; 33 Cyc. 275; Central R. R. Co. v. Robertson, 95 Ga. 430.

The second count of the declaration is bad because it fails to aver that the cinder walk therein mentioned was part of the approach or that it was built as such, and fails to aver any facts showing it to be the duty of appellant to maintain it as a sidewalk. This however does not bar a recovery on the first count of the declaration; and it was harmless error in the court to refuse to direct a verdict thereon for the defendant,

as the portion of the street therein complained of, although designated as a cinder walk, was proven by appellee to be part of the approach to the crossing, and it was not denied by appellant. For the same reason the defendant was not prejudiced by the giving of plaintiff's instruction No. 3. The evidence shows, as suggested by appellant's counsel, that there was in fact no sidewalk built by the appellant or any one else between the west end of the brick walk and the railroad track. We have examined all the other instructions given for the plaintiff and which were complained of by appellant; and, while some of them are somewhat inaccurate and awkwardly worded, we do not think that the giving of these instructions with those given for defendant were prejudicial to appellant. The damages in this case are not excessive and it is not assigned for error that they are excessive. The evidence also shows that the plaintiff was in the exercise of reasonable care and there is no evidence to the contrary. It was error for the court to admit the evidence as to the number and names of the appellee's family; but it could not have harmed the appellant to simply relate that she had a husband, and a son and daughter living in St. Louis, giving their names. There was nothing in this recital calculated to arouse the sympathy or prejudice of the jurors, and the size of the verdict does not indicate that they were affected by this evidence unduly.

The appellant also insists that the court erred in refusing to give its refused instruction. All that was material in this instruction is found in substance in appellant's other given instructions, and it was not therefore error in the court to refuse to repeat the same rules of law found in the refused instruction.

The other errors assigned by the appellant are not tenable, and finding no reversible error in this record the judgment of the lower court is affirmed.

*Affirmed.*