## W. Arthur Latham, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

## Gen. No. 5477.

1. MEASURE OF DAMAGES—*in action for injury to personal property.* When personal property has been injured by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired. If the property cannot be repaired then the measure of damages is the difference between the market value of the property before the injury and the value of the wreckage.

2. INSTRUCTIONS—*what not essential to authorize directing verdict for plaintiff on proof of allegations of declaration.* An instruction directing a verdict for the plaintiff on proof of the allegations of the declaration can only be justified when the declaration contains a complete statement of a cause of action.

3. INSTRUCTIONS—*when submits question of law.* An instruction which leaves to the jury the determination of the question as to what is a proper and sufficient warning or signal is erroneous in submitting a question of law.

4. INSTRUCTIONS—*practice of submitting abstract propositions.* Abstract propositions of law should not be given to a jury as the jury are liable to be misled thereby.

5. NEGLIGENCE—*what does not preclude recovery for injury to auto-*

*mobile.* The fact that the badge of the chauffeur was not in sight as required by statute will not defeat a recovery for an injury to an automobile resulting from the negligence of the defendant.

DIBELL, J., dissenting.

Action in case.    Appeal from the Circuit Court of Kankakee county; the HON. CHARLES B. CAMPBELL, Judge, presiding.    Heard in this court at the April term, 1911.    Reversed and remanded.    Opinion filed October 13, 1911.

W. R. HUNTER and WAYNE T. DYER, for appellant.

COOPER & HOBBIE, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

This is an action in case brought by W. Arthur Latham against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company to recover damages for injuries to an automobile which was struck by a car of defendant while the automobile was crossing the railway tracks of defendant in the city of Kankakee. A trial was had before a jury, which returned a verdict for $1,350 in favor of plaintiff, upon which judgment was rendered, and the defendant appeals.

The declaration contains eight counts. The court held there could be no recovery on the second and third counts. The negligence alleged in the first count is that appellant so negligently drove and propelled a car and engine on its tracks across Hobbie avenue, etc.; in the fourth, failure to ring a bell or blow a whistle; in the fifth, suffering cars to stand upon tracks adjacent to a street obstructing the view, and failure to give any "proper or sufficient warning of the approach of the engine;" in the sixth, negligently kicking a caboose without an engine attached over the highway without giving any signals; in the seventh obstructing a public highway by leaving cars standing thereon not for any purpose permitted by the statute; and in the eighth,

maintaining the highway crossing in such a manner that vehicles could not cross except at a slow speed. The plaintiff was not present at the time of the accident but the automobile was under the care of a chauffeur of plaintiff. Each count avers that the plaintiff and his agents, servants and employes then and there in the possession and control of the automobile, were at all times in the exercise of due care and caution for the safety and preservation of plaintiff's automobile. The damages claimed are that the automobile was destroyed and rendered of no value whatever, the loss of rentals because he was unable to replace his machine, and loss of profits from failure to sell machines because he has not been able to replace his destroyed sample machine.

The evidence shows that Hobbie avenue in the city of Kankakee runs north and south and has a down grade towards the north. This avenue crosses the switch yards of the defendant company. There are eleven tracks of the defendant across this avenue, running diagonally from the northeast to the southwest of which the south track is the main track; the north track is known as track No. 22, the track south of that as No. 21, and that next south as No. 20. The evidence tends to show that cars were standing on tracks No. 21, 20 and the more southerly tracks on both sides of the avenue but track No. 22 was clear. The evidence is conflicting as to whether the standing cars encroached upon the street or came to the street line or were some distance back from the street line. The automobile is described as a five passenger thirty horsepower Mitchell, capable of running as slow as one and one-half miles and as fast as fifty miles per hour. About 5:15 p. m. on August 23, 1909, the automobile in charge of a chauffeur named Dole with four adult passengers and two children, while going north on Hobbie avenue, was struck by the front end of a

caboose going southwest on track No. 22 and badly smashed. The evidence is conflicting as to the rate of speed the automobile was running when struck. The party were going to a six o'clock dinner near Manteno twelve miles from Kankakee. The chauffeur testified he had been running at the rate of twenty-five miles an hour on Hobbie avenue but had slowed down to eight miles an hour when he crossed the first railroad track and was running six miles an hour when struck, and there is evidence that the machine was running at the rate of fifteen miles an hour across the tracks. The chauffeur states he did not see the caboose until the front wheels of the automobile were on track No. 22.

The automobile was described by the chauffeur as a noisy four cylinder Mitchell. It has three different speed gears with an accelerator, a clutch and two kinds of brakes and was running on the high gear across the tracks when struck by the caboose. The chauffeur testified that while the machine could run safely one and a half miles an hour on low gear and be stopped at the distance of a couple of feet, it could not safely be run below four miles an hour on high gear because of the danger of "killing" the engine. It was not claimed the caboose was running over between four and six miles an hour; there is a conflict as to whether a locomotive was pushing the caboose or it was running by gravity, but a locomotive was behind the caboose close to it, if it was not pushing it. The evidence is also conflicting as to whether or not the bell was ringing on the locomotive; several witnesses testify they did not hear a bell while several other witnesses testify the bell was ringing. As the case must be reversed for errors of law and upon another trial there may be additional evidence, we express no opinion concerning the right of plaintiff to a recovery.

The accident occurred August 23, 1909. Appellee testified the wreck of the automobile was worth $100

and the value of the car before the accident was $1,450. Plaintiff was permitted to testify over the objection of the defendant that he was unable to get a car to replace the destroyed car until the middle of December and "that the earning power at the time of the accident and from then until December of a touring car of the capacity of this car for livery and renting purposes in the city of Kankakee" was "at least $100 per month."

When personal property has been injured by the negligence of another and can be repaired, the proper measure of damages is the cost of the repairs and the value of the loss of the use of it while it is being repaired. If the property cannot be repaired then the measure of damages is the difference between the market value of the property before the injury and the value of the wreckage. Crossen v. C. J. & E. Ry. Co., 158 Ill. App. 42, and cases cited. Appellee testifies the machine could not be repaired to make it as good as it was before the injury, hence it was error to permit evidence of the rental value of the machine. All that appellee was entitled to recover, if he was entitled to recover, was the difference between the value of the machine before the accident and the value of the wrecked machine. However it would appear from the evidence that the jury only returned a verdict for the value of the machine before the accident less the value of the wreck, without adding anything for the loss of the use of the machine, and appellant does not appear to have been injured by the admission of the evidence of loss of rentals.

The fourth instruction given for appellee tells the jury that if appellee has proved the allegations contained in one or more counts of his declaration and the jury believe from the evidence plaintiff's property was injured as alleged and that plaintiff's employes were in the exercise of reasonable care for the safety of the

automobile, then plaintiff is entitled to recover. The fifth count alleges negligence in obstructing the highway by standing cars and that defendant negligently failed to give any proper or sufficient warning of the approach of the caboose, etc. Neither the count nor the instruction undertakes to define or tell the jury what is a proper or sufficient warning and leave it to the jury to decide what is a proper or sufficient warning or signal. The jury were thereby given free scope to use their judgment as to what the law requires as to the signals and warning that a railway must give of the approach of trains to travellers crossing the tracks of a railway. This was reversible error, since an instruction directing a verdict for the plaintiff on proof of the allegations of the declaration can only be justified when the declaration contains a complete statement of a cause of action. Krieger v. Aurora, Elgin & C. Ry. Co., 242 Ill. 544; Illinois Terra Cotta Lumber Co. v. Hanley, 214 Ill. 243. The practice of referring the jury to the declaration for the issues is not a good one, but the court should state the issues to the jury in the instructions.

The second instruction was an abstract proposition of law, namely, that railways are required to use ordinary care to construct and maintain crossings that are reasonably safe for vehicles. Abstract propositions of law should not be given to a jury, as a jury are liable to be misled thereby.

The locomotive and caboose had been standing for some time about forty rods from the crossing before the accident. The eighth instruction tells the jury it was necessary for the defendant to have rung the bell for eighty rods before it reached the crossing; and under such circumstances the instruction should have required the bell to be rung from the time the engine and caboose started towards the highway to cross it.

Appellant insists that the appellee cannot recover

because the badge of the chauffeur was not in sight as required by the statute. If it was not in sight as required by the statute still that fact would not give appellant any right to negligently run over the automobile. The location of the chauffeur's badge in no way contributed to the accident. Crossen v. C. J. & E. Ry. Co., supra. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

DIBELL, J., dissenting.

The verdict evidently was only for the value of the automobile just before the collision, less its value immediately after the collision. If plaintiff was entitled to recover at all, the proof warranted a verdict for the amount here found. As the jury did not allow for any other elements of damage, defendant was not harmed by the admission of evidence concerning such other elements. The court gave thirty instructions requested by defendant, most of them without modification, and thereby the jury was very fully instructed upon every question which defendant considered material. I conclude that the verdict for plaintiff was warranted by the proofs, and that there are no defects in the instructions given at the request of plaintiff which require a reversal of the judgment, in view of all the other instructions given. Therefore I am of opinion that the judgment should be affirmed.