## WELEETKA LIGHT & WATER CO. v. NORTHROP.

No. 3694.   Opinion Filed May 12, 1914

Rehearing Denied July 21, 1914.

(140 Pac. 1140.)

1. **ELECTRICITY—Negligence—Presumption—Telegraphs and Telephones.** The placing and maintaining of electric light wires above and in such close proximity to telephone wires in a street that the former, when charged with electric current, sag and come in injurious contact with the latter is sufficient to justify an inference of negligence against the owner of the former.

2. **DAMAGES—Measure—Injury to Personal Property.** The measure of damages for injury to personal property that can be repaired is the cost of repair and the value of its use necessarily lost pending repair.

3. **ELECTRICITY — Action for Damages — Presumption.** It is not error to refuse to instruct the jury that owner of telephone wires must prove right to use of street to be entitled to recover damages caused by negligence of owner of electric light wires in same street, resulting in injury to former wires and other portions of plant with which same are connected.

4. **APPEAL AND ERROR—Recital in Case-Made—Sufficiency—Instructions.** A recital in case-made that "to all of the instructions given by the court and to each of them the defendant excepts" is insufficient, where there are several paragraphs embodying different propositions in such instructions.

5. **SAME—Presentation Below—Evidence.** Evidence imperfect or objectionable in detail, together with conclusions of witnesses as to amount of damages, may be sufficient to sustain a judgment, where no point is made on the trial in regard to absence of sufficient perfect or unobjectionable evidence.

(Syllabus by Thacker, C.)

*Error from County Court, Okfuskee County;*
*A. W. Huser, Judge.*

Action by Mrs. A. L. Northrop against the Weleetka Light & Water Company for damages.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*E. G. Wilson (F. W. Casner,* of counsel), for plaintiff in error.

*J. B. Patterson,* for defendant in error.

Opinion by THACKER, C.   Plaintiff in error will be designated as defendant, and defendant in error as plaintiff, in accord with their respective titles in the trial court.

Plaintiff owned and managed a telephone plant in the town of Weleetka.   Defendant owned and operated wires for the conduct of electric current for lighting which, at places in the town, crossed and were above plaintiff's wires not more than six to twelve inches, notwithstanding, according to plaintiff's testimony, they should have been three feet above.   Defendant's wires were so placed after plaintiff's wires had been strung.   When these electric current wires were heavily charged with electricity, they sagged and at times thus came in contact with the phone wires. Plaintiff, before the injuries of which she complains, protested to defendant against the close proximity of the latter's wires to her own; but defendant nevertheless continued to maintain them as above stated.

On August 13, and again on September 16, 1908, at certain crossings defendant's wires, coming, as aforesaid, in contact with plaintiff's wires, transmitted to the latter electric current which, besides minor injury, burnt and destroyed some of her phones (boxes and wires therein), phone bells, "jumper wire," and, finally, on each such occasion, burnt in two her phone wires at places of contact; thus entailing upon her cost of repairs and loss suffered in disuse of her plant pending necessary repairs.

The petition (which was sufficiently definite and certain, in the absence of a motion to make more so) demanded $119.25 as damages caused by the contact of wires on the first, and $123 as damages for such contact on the second occasion of injuries mentioned above; and the verdict of the jury and judgment of the court was for $242.25, the aggregate amount claimed; but the uncontradicted evidence tended to show the damages sustained to have been somewhat more than this amount.

Defendant contends that there was no evidence of negligence that would render it liable for any damage whatever; but the placing and maintaining of electric light wires above and in such close proximity to telephone wires that the former, when

charged with electric current, sag and come in contact with the latter is sufficient to justify an inference of negligence and make a *prima facie* case of right to recover for injuries upon that ground. 1 Joyce on Electrical Law, secs. 449a-450.

Besides *Shawnee Light & Power Co. v. Sears,* 21 Okla. 13, 95 Pac. 449, *Oklahoma Gas & Electric Co. v. Lukert,* 16 Okla. 397, 84 Pac. 1076, and *Ladow v. Oklahoma Gas & Electric Co.,* 28 Okla. 15, 119 Pac. 250, as to the degree of care required of electric companies, see, as in point, the following: *Lewis' Adm'r v. Bowling Green Gaslight Co.,* 135 Ky. 611, 117 S. W. 278, 22 L. R. A. (N. S.) 1169, and notes to the last-named report of this case, especially cases cited at pages 1171-1174 in such notes; *Seith v. Commonwealth Elec. Co.,* 241 Ill. 252, 89 N. E. 425, 132 Am. St. Rep. 204, 24 L. R. A. (N. S.) 978, and notes to said last report of this case.

Defendant also contends, and requested the court to instruct the jury, that the burden was upon plaintiff to prove that she had a right to maintain her wires in the street as a condition precedent to her right to recover; but, as is indicated in *Hamilton v. Bordentown Electric L. & M. Co.,* 68 N. J. Law, 85, 52 Atl. 290, should be done, it is assumed that the plaintiff and defendant were each maintaining wires in the public highway in the exercise of a franchise, in the absence of any showing to the contrary. 1 Joyce on Electrical Law, 449a.

This case was apparently, and properly, tried upon the theory that plaintiff's measure of damages was the cost of making repairs and the value of the use of her property while she was necessarily deprived thereof pending repairs. Section 2639, St. Okla. 1890 (section 2872, Rev. Laws 1910); *Berry v. Campbell,* 118 Ill. App. 646; *Davidson v. Chicago & A. Ry. Co.,* 98 Mo. App. 142, 71 S. W. 1069; *Wilson v. Seattle, R. & S. Ry. Co.,* 55 Wash. 656, 104 Pac. 1114; *Southern Ry. Co. v. Stearns,* 8 Ga. App. 111, 68 S. E. 623; *Crossen v. Chicago & Joliet Elec. Ry. Co.,* 158 Ill. App. 42; *Latham v. Cleveland, C., C. & St. L. Ry. Co.,* 164 Ill. App. 559; *McGuire v. Post Falls Lmbr. & Mfg. Co.,* 23 Idaho, 608, 131 Pac. 654.

We think the evidence, while in respect to some of its details and the conclusions of witnesses subject to some criticism, on the whole sufficiently shows cost of repairs and the value of the use of the injured property pending the same to support the judgment; but, if this were not so, it appears that objection on the grounds of a failure of proof on the subject of damages is waived, unless made during the trial (*Mercantile Trust Co. v. Hensey*, 205 U. S. 298, 27 Sup. Ct. 535, 51 L. Ed. 811, 10 Ann. Cas. 572); and no such objection was made either by request for instructed verdict or otherwise.

In *Mercantile Trust Co. v. Hensey, supra,* it is said:

"An assignment of error based on the ground that no evidence was given in the trial court to enable the jury to assess the damages awarded will not be considered, where it does not appear that the plaintiff in error made any point on the trial in regard to the absence of such evidence, or that he asked the trial court to direct a verdict for him on account of its absence."

It is urged that there is error in the instructions given by the court; but the only objection or exception thereto is the recital in the case-made next following the instructions given and refused that "to all of the instructions given by the court and to each of them the defendant excepts." The instructions given consisted of several paragraphs embodying different propositions.

In *Eisminger v. Beman,* 32 Okla. 818, 124 Pac. 289, such an exception is held insufficient.

Tested by the foregoing views, there does not appear to be any reversible error in this case, and, in our opinion, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.