J. F. McNamara, Appellee, v. Joseph Melson, Appellant.

Gen. No. 7,445.

1. HIGHWAYS—*evidence of negligence of automobile driver causing collision.* The injury to plaintiff's truck was due to the negligence of the driver of defendant's automobile where the truck was standing on the right side of the road with its right wheels about a foot off the pavement and with both headlights and a spot light burning and defendant's car, which was seen when it was 600 feet away, zigzagged across the highway and ran into the truck.

2. HARMLESS ERROR—*when admission of hearsay evidence harmless.* Where the negligence of the driver of defendant's automobile in running into plaintiff's truck which was standing at the right side of the road was clearly shown, error in admitting conversations which were not held in the presence of defendant in one of which the driver said "he was not supposed to drive the car at all. It was not his car," and in another of which an unidentified young man, in response to a question from a young lady in a hospital, replied that he did not know how the accident happened, was not so harmful as to require reversal.

3. HARMLESS ERROR—*harmlessness of instruction not affecting verdict.* It was harmless error in an action for damage to plaintiff's truck to instruct that the value of the loss of the use of the truck while it was being repaired could be considered in addition to the cost of repairing the truck where the verdict of the jury was only for the cost of the repairs as shown by the undisputed evidence.

Appeal by defendant from the Circuit Court of Kane county; the Hon. W. J. FULTON, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed March 27, 1925. *Certiorari* denied by Supreme Court (making opinion final).

PEFFERS & WING, for appellant.

HARVEY GUNSUL and E. L. LYON, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

J. F. McNamara, appellee, instituted this suit to recover damages which his motor truck sustained in a collision with the Ford sedan of Joseph Melson, appellant. A trial was had by a jury and the jury returned a verdict in favor of appellee for $1,071.40, upon which judgment was rendered, and appellant prosecuted this appeal.

The declaration consists of one count. It charges that the motor truck of appellee was destroyed. The case was tried upon the theory that it was injured and damaged, and testimony was offered on the part of appellee as to the cost of making the repairs.

A number of reasons are assigned by appellant why the judgment of the court below should be reversed and the cause remanded. Upon an examination of the argument of appellant, he argues but two reasons for a reversal of the judgment, and they are that the court erred in the admission of testimony on the part of appellee, and also erred in the giving of an instruction bearing upon the question of the measure of damages.

It appears the collision which occasioned the damages complained of by appellee occurred shortly after midnight on the 21st day of February, 1923, on the Lincoln Highway just north of Batavia in Kane county, Illinois. The Ford sedan of appellant at the time of the collision was occupied by appellant and others as they were returning to St. Charles, from Aurora, where they had been to attend a wrestling match. It was a dark and cold night. Appellee's truck was being driven in a southerly direction by his servant Daly, who was accompanied by his helper Gale. The testimony shows that the servants of appellee in

charge of the truck saw the car of appellant about 600 feet from where the collision occurred; that the front lights on the truck were burning; that a spot light on the truck was being flashed as the car of appellant approached the truck; the truck had stopped with the right wheels about one foot off of the west side of the pavement and, while standing, the automobile of appellant zigzagged across the highway and ran into the truck and damaged the same. After an examination of the abstract, we are of the opinion that the competent testimony sustains the finding of the jury as to the question of negligence, and that the injury to the truck of appellee was occasioned by the negligent act of the agent and driver of the automobile of appellant.

The question that arises on this record is, if the testimony, when considered as a whole, sustains the contention of appellee, and where substantial justice has been done, should the judgment be reversed because error may have been made in the admissibility of testimony, and in the giving of an instruction bearing on the question of the measure of damages?

Incompetent evidence admitted over objection will not work a reversal of a judgment where there is sufficient competent evidence to support the judgment and substantial justice has been done. *Hackett v. Harmon*, 155 Ill. App. 55-56; *Wilson v. Baltimore & O. S. W. R. Co.*, 158 Ill. App. 604-609; *O'Fallon Coal & Mining Co. v. Laquet*, 198 Ill. 125.

It appears that over the objection of appellant the driver of the truck of appellee was permitted to detail a conversation in which the driver of the sedan stated that "he was not supposed to drive the car at all. It was not his car." Again, this witness detailed a conversation between an unidentified young man and a young lady in the hospital, in which she inquired of the young man how the accident happened, and he replied "I don't know." These conversations occurred in the absence of appellant. It is not every

error in the admissibility of testimony that will work a reversal of a cause; it must appear that the rights and interests of appellant were prejudiced before the court would be warranted in reversing the judgment. Particularly is this so where there is sufficient competent evidence in the record to sustain the judgment of the court below. In view of the testimony bearing upon the question of the negligence of appellant, we are clearly of the opinion that while the admission of this testimony was an error, it was that character of error that was harmless and ought not to reverse the cause unless other error intervened that was prejudicial to the appellant.

The testimony shows that the motor truck could be repaired and was repaired at a cost of $1,071.40 to appellee, which amount was the usual, customary and reasonable charge for such repairs as were made on appellee's truck. This testimony was received without objection, but, over appellant's objection, appellee was permitted to prove that he paid $660 for the hire of another truck, necessitated by the fact that during eight weeks following the collision he was without the use of his truck while it was undergoing repairs. It is earnestly insisted by appellant that this testimony permitted to go to the jury, bearing upon the fact of his being without the use of his truck, that he was injured and damaged, was erroneous and especially so because of the instruction complained of by appellant, relating to the question of damages, which instruction is as follows: "The court instructs the jury that if you believe that the plaintiff has proven his case, as charged in his declaration, then you may consider the question of damages, if any, which the plaintiff has sustained. And you are instructed that the proper measure of damages, if you find that the plaintiff is entitled to damages, is the cost of repairs, if any, necessitated by and arising out of the collision between the defendant's automobile and plaintiff's truck, and in addition thereto the reason-

able value of the loss of the use of the plaintiff's truck while the same was being repaired, if any such loss of use be shown by a preponderance of the evidence.''

Where an automobile has been practically destroyed and cannot advantageously be repaired, the measure of damages is the difference between the market value of the machine immediately before the collision and the value of the wreckage. *Latham v. Cleveland, C., C. & St. L. Ry. Co.,* 164 Ill. App. 559. Where it is reasonable to suppose that an automobile can be repaired then the measure of damages is the amount necessarily spent, if reasonable, in endeavoring to repair the car, together with the difference in value between what the car was worth before the accident and after it was repaired, together with the amount of loss the owner of the machine sustained by reason of being unable to carry on his business. *Koch v. Pearson,* 219 Ill. App. 468-471.

It will be observed that the instruction complained of informed the jury that the proper measure of damages is the cost of repairs, if any, necessitated by and arising out of the collision between the defendant's automobile and the plaintiff's truck, and in addition thereto the reasonable value of the loss of the use of appellee's truck while the same was being repaired if any such loss of use was shown by the preponderance of the evidence. An erroneous instruction will not work a reversal of a judgment, where the court can see that it did not mislead the jury. *Portable Elevator Mfg. Co. v. Dutton,* 224 Ill. App. 123-129; *Mantonya v. Emerich Outfitting Co.,* 172 Ill. 92-96; *Berry v. Campbell,* 118 Ill. App. 646.

It will be remembered that there is no conflict in the testimony as to the cost of the making of the repairs. The verdict of the jury is for the sum of $1,071.40, the amount the testimony disclosed was required to make the repairs on the truck. Although the instruction included the element for the loss of the use of the

truck, still it is evident that the instruction in this respect did not work any error, because the jury returned a verdict based upon the evidence as to the actual cost of the repairs. If the jury adopted the proper element of damages, then appellant is in no position to say that he was injured and prejudiced by the instruction. If the jury did not consider the element of damages for the loss of the use of the truck during the time it was being repaired, the testimony of the witness stating the value of the loss was harmless error.

We are of the opinion that substantial justice has been done between the parties and the judgment of the circuit court of Kane county should be affirmed which is accordingly done.

*Judgment affirmed.*