## J. E. Cunningham, Appellee, v. Crane Company, Appellant.

### Gen. No. 33,357.

Opinion filed January 2, 1930.

ALDEN, LATHAM & YOUNG, for appellant; CHARLES MARTIN, of counsel.

KNAPP & CAMPBELL, for appellee; JOSEPH L. EARLYWINE, of counsel.

MR. JUSTICE RYNER delivered the opinion of the court.

The plaintiff brought suit in the municipal court of Chicago to recover damages sustained to his automobile because of a collision with a truck owned and operated by the defendant. The trial resulted in a verdict and judgment in favor of the plaintiff for $350.

The plaintiff presented his case in the trial court upon the theory that his car had been so badly damaged that it could not be advantageously repaired. The only proof of the amount of damage was his testimony

that, prior to the time of the accident, he purchased the automobile for $500 as a used or second-hand one and that, about five months after the accident, he traded it in on the purchase price of another car and received a credit of $100.

This evidence, although coupled with testimony as to the condition of the car before and after the accident, was incompetent for the purpose of proving the amount of the damages. In addition to this, there was no proof that the reasonable cost of repairing the automobile would exceed its market value before the accident or that, after the accident, the only value it possessed was as junk or wreckage.

The court at the request of the plaintiff, instructed the jury that:

"The jury are instructed that if you find the damage to the plaintiff's automobile was caused solely by the negligence of the defendant, and if you find also that the plaintiff's property could not be repaired, or that the cost of repairing the damaged property was greater than the market value of the automobile before the accident, then you can assess as plaintiff's damages the difference between the market value of the property before the accident and the value of the damaged automobile or wreckage after the accident and in addition the reasonable amount for the loss of the use of the plaintiff's automobile."

Counsel for the plaintiff concede that the portion of the instruction which reads: "and in addition the reasonable amount for the loss of the use of the plaintiff's automobile" was erroneous, but contend that the giving of the entire instruction did not constitute reversible error. In support of their contention they cite *Latham v. Cleveland, C. C. & St. L. Ry.*, 164 Ill. App. 559, and *McNamara v. Melson*, 237 Ill. App. 279. These cases do not support their contention.

In the first case there was testimony showing that, after the accident, the wreckage was worth $100 and

that, before the accident, the value of the automobile was $1,450. The jury found the damages to be $1,350. The plaintiff was permitted to testify as to damages sustained on account of loss of the use of the automobile. This was held to be error, but not sufficient to warrant a reversal, because it was apparent, from the testimony and the amount of the verdict, that the jury made no allowance for loss of the use of the automobile.

In the second case the trial court gave an instruction similar to the one under consideration. The Appellate Court held the instruction to be erroneous, but refused to reverse the judgment because the amount of the verdict of the jury was in dollars and cents identical with the amount which the evidence disclosed would be the reasonable cost of repairing the motor truck.

In the instant case, we are unable to reconcile the amount of the verdict with the testimony of the plaintiff or with the instruction.

For the foregoing reasons, the judgment of the municipal court of Chicago is reversed and the cause is remanded.

*Judgment reversed and the cause remanded.*

Wilson, P. J., and Holdom, J., concur.